CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY *v.*
BECKER.

Opinion delivered June 17, 1899.

1. MASTER AND SERVANT—BREACH OF DUTY—FORM OF ACTION.—Where
the duty which a master owes to his servant is imposed by law by rea-
son of their relation, as well as by their contract of service, the ser-
vant may, for a breach of such duty, elect to sue upon the contract, or
to treat the wrong suffered as a tort, and bring an action *ex delicto.*
(Page 4.)

2. RAILROAD—LIABILITY.—A railroad company operated wholly or in part
in this state is liable in tort to an employee for an injury received in
this state through the negligence of a co-employee who was not a fellow-
servant, within Sand. & H. Dig., ¿ 6249, notwithstanding the injured
employee's contract of service was entered into in another state.
(Page 4.)

3. ERRONEOUS INSTRUCTION—WHEN CURED.—The court's error in assum-
ing a disputed fact as true may be cured by other and more explicit
instructions on the same subject. (Page 6.)

4. MASTER AND SERVANT—FELLOW SERVANTS.—An railroad employee is
entitled to recover of his employer when he was without fault injured
by the concurring negligence of two co-employees, one of whom at
least was not a fellow-servant, within Sand. & H. Dig., ¿ 6249.
(Page 7.)

5. SAME—An engine inspector engaged at a roundhouse and a locomotive
fireman engaged on the road are not fellow-servants, as they are not
engaged in the same department or service, nor "working together to
a common purpose," within Sand. & H. Dig., ¿ 6249. (Page 9.)

Appeal from Craighead Circuit Court.

FELIX G. TAYLOR, Judge.

*Wallace Pratt, I. P. Dana,* and *W. J. Orr,* for appellant.

*E. F. Brown* and *N. F. Lamb,* for appellee.

BATTLE, J.   This is the second time this action has been before this court on appeal.   The opinion delivered when it was here the first time is reported in 63 Ark. 477.   It was instituted by William Becker against the Kansas City, Ft. Scott & Memphis Railroad Company to recover damages for personal injuries. Plaintiff was a fireman in the employment of the defendant, and was engaged with others in running an engine of his employer from Thayer, Mo., to Memphis, Tenn., and return; Thayer being the starting point.   He left the latter place about 6 o'clock in the evening on the 21st of April, 1894, and arrived at Memphis about 4:30 in the morning of the next day, and, returning, left Memphis about 6 o'clock in the evening of the 22d of April, and was injured at Afton, in this state, about daylight of the following morning.   He was seriously and permanently injured by the step on the left-hand side of engine No. 30, on which he was employed, turning as he jumped upon it in order to get into the engine cab; the engine being at the time in motion.   As a result of the injury, amputation of one of his legs, just below the knee, was necessary.

To be more specific, we relate the cause, manner and circumstances of the injury more at length.   At the rear end of the engine, at the entrance to the cab, were two steps—one on either side—for the use of employees.   The engineer and fireman rode in the cab,—the former on the right side, and the latter on the left.   Each step was fastened to the lower end of an iron or steel rod.   The upper end of the rod passed through an iron beam nine inches thick, and was fastened and held in place by means of a tap at the top.   When in proper position, the step faced out at right angles to the side of the engine. When the rod was loose, the step could be turned out of place, but this defect could be remedied by means of the tap.   A short time before plaintiff was injured, the engine on which he was acting as fireman and the train attached were moved on a side track at Afton for the purpose of allowing a passenger train to pass.   While the former train was upon the side track,

the plaintiff, by direction of the engineer, left the cab to put out the headlight, and while so doing the passenger train passed. About the time he finished his work the engineer commenced moving the train from the side track upon the main line, and, while it was running about as fast as a man would ordinarily walk, plaintiff attempted to get upon the engine by means of the left step, and was injured in the manner stated.

The maintenance of the steps in good repair and safe condition was intrusted to two employees of the defendant. It was the duty of the engineer, when his engine was on the road and away from Thayer, to examine and keep the steps in safe condition by means of the tap at the end of the rod, for which purpose he was provided with the necessary tools. It was also his duty, when he ran his engine into the roundhouse at Thayer, where the engines operated on the road between Thayer and Memphis, on their return from the latter place, were inspected and repaired, to report any defects in his engine which needed repairing, and blanks were furnished him for the purpose. At Thayer was a machinist, named Johnson, whose duty it was to inspect the lower part of the locomotives, including the steps, when they came in, as a protection against any neglect of the engineer. Johnson also made repairs. The bad condition of engine numbered 30, if attributed to the fault of any one, was due to the negligence of one or both of these employees. To prove that the defendant was liable for the culpable negligence of these employees in the failure to discharge their duties, evidence was adduced in the trial of this action tending to prove that the engine numbered 30 was taken on the 18th of April, 1894, to its shops at Thayer for inspection and repair, and that on the 21st of April, two days before plaintiff's injury, an employee of the defendant, while in the roundhouse at Thayer, discovered that the engine step on the left or fireman's side was loose, and turned half way round, so that it projected under the engine, and that the engineer on the 22d of the same month, while at Memphis, discovered the step on the right side of the engine to be loose, and tightened it, and that the left step was loose on the next day, when the plaintiff was injured. On the contrary, evidence was adduced by the defendant to

show that the steps were not loosened at the shops when the engine was there for repairs on the 18th of April, and that the inspector examined them, and did not notice that either of them was loose or turned, and that the engineer examined the left step on the evening of April 22, 1894, at Memphis, by striking it with a hammer—the usual test—and found it apparently "all right."

The jury, before whom the issues were tried, returned a verdict in favor of the plaintiff against the defendant for the sum of $5,000, and the court rendered judgment accordingly. To reverse this judgment, an appeal by the defendant to this court is prosecuted.

It is insisted by appellant that its duties to appellee were imposed and governed by the laws of Missouri, where he was employed and their contract for service was entered into, and that the risks assumed by the contract were determined by the same laws; that the relation of master and servant could be created between them by contract; and that the duties and risks assumed grew out of that relation. It is true that the relation was created by contract, but the duty upon which the appellee relies to recover in this action, if it existed, was imposed by law, and arose from the relation, rather than the contract. For a neglect to perform this duty, the appellee had the right to elect to sue upon the contract, or to treat the wrong suffered by the neglect as a tort, and bring an action *ex delicto*. The rule in such cases as this is correctly stated in *Nevin* v. *Pullman Palace Car Co.*, 11 Am. & Eng. R. Cas. 92, 101, as follows: "Where the duty for whose breach the action is brought would not be implied by law, by reason of the relations of the parties, whether such relations arose out of a contract or not, and its existence depends solely upon the fact that it has been expressly stipulated for, the remedy is in contract, and not in tort; when otherwise case is an appropriate remedy." *Clark* v. *Railway Co.*, 64 Mo. 440; Bliss, Code Pl. (3 Ed.) § 14; Pom. Code Rem. (3 Ed.) §§ 568-571; 4 Elliott, Railroads, § 1693.

The railroad of appellant is built and operated in part in this state. In regard to such railroads the constitution provides as follows: "All railroads which are now or may here-

after be built and operated, either in whole or in part, in this state shall be responsible for all damages to persons and property, under such regulations as may be prescribed by the general assembly," Const. 1874, article 17, § 12. Section 6249, Sand. & H. Dig., provides: "All persons who are engaged in the common service of such railway corporations [foreign or domestic, doing business in this state], and who, while so engaged, are working together to a common purpose, of same grade, neither of such persons being intrusted by such corpooations with any superintendence or control over their fellow employees, are fellow servants with each other; *provided*, nothing herein contained shall be so construed as to make employees of such corporation in the service of such corporation fellow servants with other employees of such corporation engaged in any other department or service of such corporation. Employees who do not come within the provisions of this section shall not be considered fellow servants." And section 6250 provides: "No contract made between the employer and employee based upon the contingency of the injury or death of the employee limiting the liability of the employer under this act, or fixing damages to be recovered, shall be valid and binding." The effect of these statutes is to limit the risk assumed by an employee on account of the acts or omissions of persons in the service of the same employer to the neglect of those who are fellow servants within the meaning of the statutes, and to impose upon the master the duty to protect him against the neglect of all other fellow employees in the discharge of their duties, and to render the employer liable in damages for injuries suffered on account of the failure to discharge this duty.

The appellant was and is subject to and governed by these statutes, and is liable to its employees in tort for injuries caused by the failure to discharge any duties growing out of them.

The appellant says that the court erred in giving to the jury an instruction in words as follows: "If you find from the evidence that it was the duty of Bennett to inspect the engine for the defective step, and that by the exercise of ordinary

care he could have discovered the defect, and if you find that the step was defective, and that it was also the duty of Johnson to inspect the engine for such defect, and that he, by the exercise of ordinary care and observation, would have discovered the defect, and that when the plaintiff was injured, if he was injured, he and said Johnson were not engaged in the same department or service of the defendant, and were not working together to a common purpose, and that negligence of said Johnson, if you find that he was negligent, contributed to, or was in part the cause of, plaintiff's injury, and that the plaintiff was not injured by reason of want of ordinary care for his own safety, then your verdict will be for the plaintiff.''

This instruction, it says, was defective because it assumes that the step was defective at some time prior to the accident when the engineer and Johnson should have made their inspection, or when they did in fact make it. If this was a defect, it was cured by the following instructions given at the instance of appellant:

''(1) Becker, by virtue of his employment, assumed all the ordinary and usual risks and hazards incident to his employment, and the railroad company was not an insurer of the perfection of the step in question, or the safety of Becker,— the railroad company being required to exercise reasonable and ordinary care and diligence, and only such, in furnishing to its employees reasonably safe machinery and instrumentalities for the operation of its railroad; and it will be presumed, in the absence of anything to the contrary, that the railroad company has performed its duty in such cases, and the burden of proving otherwise rests upon Becker. And in this case, as Becker seeks to recover damages for injuries resulting from alleged defective steps furnished by the railroad company, it not only devolves upon him to prove such defect, but it also devolves upon him to show, either that the railroad company had notice of such defect complained of, or that by the exercise of reasonable and ordinary care and diligence it might have obtained such notice; and proof of a single defective or imperfect operation of such step, resulting in injury, is not of itself sufficient evidence, nor any evidence, that the company had previous knowledge or notice of such defect.

"(2) You are further instructed that although you may find and believe from the evidence that the step in question was loose, and that it turned with Becker, and he thereby received the injuries complained of, still he is not entitled to recover in this action unless he has shown by a preponderance of the evidence (that is, a greater weight of the evidence) that the defendant, or its servants who were intrusted with the duty of inspection, had notice of the fact that said step was loose prior to the time of the injury, or that the step was loose a sufficient length of time before the injury that its condition could have been discovered by the defendant, or its said inspectors, by the exercise of reasonable care, and could not have been discovered by Becker by exercise of the same degree of care; and, unless the plaintiff has so shown, you will find for the defendant.

"And you are further instructed that knowledge on the part of witness Buck that the step was loose at Thayer is not knowledge to the defendant company.

"(3) The presumption is that the railroad company has done its duty by furnishing safe and suitable appliances for the performance of its work, and, when this is overcome by positive proof that the appliances were defective, the plaintiff is met by a further presumption that the railroad company had no notice of the defect, and was not negligently ignorant of it. It is not sufficient to show that the plaintiff was injured, and that the injury resulted from a defect in the step, but he must go further, and establish the fact that the injury happened because the railroad company did not exercise proper care in the premises, in discovering and repairing said step."

At the request of the appellant, and with the consent of the appellee, the court instructed the jury that Bennett, the engineer, and appellee, the fireman, were fellow servants at the time the injury occurred. Now, appellant's counsel says: "If we admit * * * that Bennett, the engineer, did not inspect this step at Memphis, and did not apply the usual test to ascertain its condition, and that he was negligent, it being admitted in this case by the record that Bennett and the plaintiff were fellow servants, then we submit that there is no room for

reasonable minds to differ on the proposition that Bennett's negligence was the direct and promoting cause of this injury, because, but for his negligence (admitting that he was negligent, and admitting that the step was defective at Memphis), the injury could not have happened, and his negligence, if he was negligent, was not a contributing cause, but was the direct, immediate, last moving, and approximate cause of the accident;" and for this reason they say that the instruction objected to by appellant, as before stated, was defective, and should not have been given. But this is not correct. The trial court told the jury, by this instruction, that if they found that the step by which the appellee was injured was defective, that Johnson negligently failed to discover that it was in that condition, that his negligence contributed to the injury, and that he was not a fellow servant of Becker, they should return a verdict in favor of appellee. If such findings were true, Johnson's negligence was a proximate cause of the injury; for there is no evidence that he fastened the step when the engine was at Thayer, the last time before the accident occurred. He testified that he did not. If they were loose, then they remained so until they were fastened; and the evidence shows that the left step, which was the cause of the injury, was not fastened until after the accident. The only negligence of Johnson which could have contributed to the injury was his failure to exercise proper care in the inspection of the step, and, if it contributed, it set the trap which caught and injured the appellee. The failure of the engineer to fasten the step did not render the negligence of Johnson harmless or less effective, but left it free to work the injury it was lying in wait to inflict. The injury was probably the result of the concurring negligence of the two employees, and may not have occurred in the absence of either. It is no defense, however, for the appellant to prove that the negligence of the engineer contributed to it. 1 Shear. & R. Neg. (5 Ed.) p. 292, § 188, and cases cited. This necessarily follows from the imposition of the duty to inspect on both employees, and the purpose it was intended to serve; for it was imposed upon both to serve as a check against the negligence of each of them, and to protect appellee against consequent injuries.

The appellant complains because the court refused to instruct the jury in the following words: "You are instructed that it is a rule of law that the railroad company is not liable to any of its employees for the negligence of a fellow servant; and under the evidence in this case you are instructed that, with reference to the act complained of, and at the time Becker was injured, he and Inspector Johnson were fellow servants, and, if you find and believe from the evidence that Becker was injured through the negligence of said Johnson, then the railroad company would not be liable for such negligence of said Johnson."

Were Johnson and Becker fellow servants? Under the statutes of this state, four conditions must concur to constitute different employees of the same railway company fellow servants: First, they must be engaged in the common service of the railway company; second, while so engaged, they must be working together to a common purpose; third, neither of them must be intrusted by the railway company with any superintendence or control over their fellow employees; fourth, they must be engaged in the same department of service.

Did the relations of Johnson and Becker conform to all these conditions? Johnson was an inspector and repairer of all of appellant's engines at Thayer—about 50 or 60 in number—and Becker was a fireman on one of them. Johnson's duty was to inspect the engines in the roundhouse, and make such repairs as he could in the way of screwing up bolts and nuts, and putting in springs, and other work. In addition to his duties on the road, it was the duty of Becker, as fireman, to see that his engine was provided with tools, and that the tool boxes and supply boxes for oil were kept locked when the engine was in the roundhouse, and, before his engine started out on the road, to see that it was provided with a full tank, that there was sand in the sand boxes, that the ash pan was in a clean condition, and that a fire in the engine was prepared for the road, and on and off the road to keep the engine clean and the signal lamps in repair. His chief duties were performed on his engine while on the road. Johnson was in the mechanical department, and subject to the authority of the round-

house foreman, and Becker, when off the road and at Thayer, was subject to the same authority, and while on the road in the discharge of his duties was in the transportation department, and subject to the authority of the superintendent of the same; but it seems that the roundhouse foreman could, while he was on his engine on the road, discharge him for neglect of duty, or order him to leave his engine for the purpose of discharging a duty at some other place. Until he exercised this authority, however, Becker, while on the road, was in the transportation department, and subject to the authority of those in control of that department. When Becker was at Thayer, his and Johnson's duties were different, and were not such as to associate and bring them together in their work, except casually when they might work on Becker's engine at the same time, Becker cleaning and Johnson inspecting or repairing. They could not be said to have been working together, except when and so long as they were so actually engaged. Their working together was not sufficient to constitute them associates in labor any longer than it continued, no more than the casual meeting of individuals for short periods of time could constitute them associates. As they were not working together in the same department at the time the accident occurred, it follows that they were not fellow servants at the time when Becker was injured, and that the instruction asked for by the appellant to the contrary effect was properly refused.

We think that the evidence was sufficient to sustain the verdict of the jury in this court.

Judgment affirmed.

Bunn, C. J., did not participate.