## FRISCO LUMBER CO. v. SPIVEY.

No. 3335.  Opinion Filed April 14, 1914.

(140 Pac. 157.)

1. **MASTER AND SERVANT**—Injuries to Servant—Petition—Sufficiency. Petition examined, and held to state a cause of action.

2. **SAME**—Defective Appliances—Responsibility of Master. The responsibility to its servants of a lumber company operating a railroad is the same in respect to cars of other companies which the servants are compelled to handle as in respect to its own, especially where the defects are not latent.

3. **SAME.** Where a lumber company, in connection with its business, operates a railroad between its timber and mills and has its own men in charge of the engine and trains, it is bound to

exercise ordinary care in providing its servants a reasonably safe place to work, reasonably safe tools, appliances, and machinery.

4.    SAME—Injury to Servant—Concurring Negligence of Fellow Servant—Liability of Master.  Where an employee of a lumber company is engaged in checking lumber in a box car, without knowing that his fellow servants are engaged in switching other cars on the same track, and a drop switch is made, thereby "kicking" loaded cars which have broken brakes against the car in which the employee is at work, whereby he is injured, **held**, the lumber company is liable notwithstanding the fact that the accident was caused by the concurring negligence of the fellow servant.

5.    SAME.  Where a lumber company's foreman has under his charge one known to then be engaged in checking lumber in a box car, and without warning directs an engineer to make a drop switch of cars on a grade siding, which "kicks" loaded cars against the box car, pushing the ends of the lumber together, thereby crushing and injuring the "checker," the lumber company is liable, notwithstanding the fact that the engineer was a fellow servant of the person injured.

6.    SAME—Assumption of Risk.  Where the master has a rule against employees working in cars when switching is being done on the same track, and an employee is checking lumber for the company in a car, and does not know that switching is being or about to be done on that track, and cars are "kicked" against the car in which such employee is working, and he is thereby injured, **held**, there is no assumption of risk on the part of the servant, whereby the master is relieved from liability for such injury.

7.    INSTRUCTIONS APPROVED.  Instructions given by the court examined, and **held** to properly state the law.

8.    RAILROADS — Tramroad — "Railroad."  The term "railroad" will include a tramroad belonging to a lumber company.

9.    TRIAL—Injury to Servant—Instruction.  In an employee's action for injuries before statehood, an instruction that certain chapters of the Arkansas law were applicable to the case, and that the law in force at the time of the injury governed, was misleading, and might have caused the jury to speculate as to what the Arkansas law was, and was properly refused; it being the court's duty to state what the law was, regardless of its source.

(Syllabus by the Court.)

*Error from District Court, McCurtain County;*
*Summers Hardy, Judge.*

Action by V. T. Spivey against the Frisco Lumber Company, a corporation, for personal injuries.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Stewart & McDonald,* for plaintiff in error.

*M. W. Gross,* for defendant in error.

LOOFBOURROW, J. V. T. Spivey, plaintiff below, filed an amended petition as follows:

"Comes now the plaintiff, V. T. Spivey, and by leave of court files this amended petition, and for cause of action against the defendant, the Frisco Lumber Company, alleges and states: That this cause of action was filed before statehood in the Central district of the Indian Territory, Antlers Court division thereof, and this is an amended petition filed by leave and order of the court made on the 17th day of September, 1909; that the Frisco Lumber Company is a corporation doing business in the town of Bokhoma, Okla., in said county and state, as manufacturer and shipper of lumber, having a tramroad and engine or engines to be used in and for switching purposes and for hauling logs to its mill in said town, and had the same at the time that this cause of action arose, on the 20th day of September, 1906; that on the 20th day of September, 1906, plaintiff was in the employ of said defendant company as a lumber checker, and had been in its employ for some time prior thereto; that on the said date, while plaintiff was in a car checking lumber, as it was his duty to do, said car being then and there upon the side track at defendant's mill being loaded, without any warning to plaintiff some loaded cars were switched by defendant's engine in making a flying or drop switch and throwing three or four cars onto the side track where the car was in which plaintiff was at work checking lumber and struck three or four cars between the cars switched and the car in which plaintiff was working; that the cars so struck were without brakes on them, though heavily loaded and standing on a downgrade side track; that said cars because of the fact that they had no brakes on them, or the brakes were broken and were not turned on, ran down upon and into the car in which plaintiff was then and there engaged in the discharge of his duties to defendant, striking said car with such force as to drive the lumber from each end of the car together, catching plaintiff between the lumber, knocking him over, and catching one of his feet between the lumber, breaking and crushing and causing a severe fracture of the bone of the instep, and is enlarged, causing the leaders on top of said foot to become matted and bound together with surrounding tissues, and causing the tendons below the outer ankle bone to become also bound, and also causing a strain to joint of right hip between the hip bone and the sacrum,

and straining the back, which will remain a lasting and permanent injury to plaintiff; that said injury was caused by the carelessness and negligence of the defendant in loading and using and leaving said cars upon the side track where plaintiff was at work without any brakes on them, and they on a downgrade toward where plaintiff was at work; that the brakes on said cars were broken and unsafe, and that said broken and unsafe condition of said brakes was known to defendant, or by the exercise of ordinary care and diligence could have been known to it, and was unknown to plaintiff, and could not have been known to him by the exercise of ordinary care and diligence; that had said brakes been in a safe condition and turned on said cars, it would have been impossible for said cars to have run into plaintiff's car; that before said injury, plaintiff was a strong young man, able to do carpenter work and earn $2 per day; that since said injury plaintiff has not been strong, and has suffered untold pain and mental anguish, and his earning capacity has been reduced at least one-half, and said injury was caused by the negligence of defendant, and without fault upon the part of plaintiff. Wherefore plaintiff prays judgment against defendant in the sum of $5,000, and costs of this suit, for the aforesaid injuries."

To this petition the Frisco Lumber Company filed a demurrer, which was overruled and exceptions saved; thereafter the defendant lumber company answered, which answer is, in substance, a general denial, with the specific admission that it is a corporation, as charged, engaged in the lumber business, having a tramroad and engine used for switching purposes and hauling logs to its mill, and alleging that the injury, if any, resulting to the plaintiff was caused by the acts of a fellow servant, and in a supplemental answer pleads contributory negligence on the part of the plaintiff. The plaintiff replied with a general denial, and alleged that the plaintiff was injured by the concurrent negligence of both the defendant and a fellow servant, the engineer; the case was tried to a jury and a verdict returned in favor of the plaintiff, Spivey, and against the defendant the Frisco Lumber Company, in the sum of $1,500; from a judgment thereon the defendant appeals and assigns as error: First. The court erred in overruling the demurrer of the plaintiff in error to the amended petition of defendant in error. In support of this assignment, counsel contend that the petition shows that the in-

jury resulted from the fault of a fellow servant, and that the master is not liable. Giving the language of the petition a fair construction, it states a cause of action, and charges concurring negligence on the part of the servant and the master.

The second assigns error in admitting evidence, etc., as shown by the case-made herein, and is too general in its character. See *Turner v. F. N. Bank, ante,* 139 Pac. 703.

The third assigns error "in admitting evidence on the part of the defendant in error relative to plaintiff in error not having a car inspector to inspect cars received by it for the purpose of shipping lumber." This tramroad, which belonged to the lumber company, comes within the scope and definition of the term "railroad," and it is not disputed that it was a railroad. It is contended that because the cars loaded with ties did not belong to the lumber company, it was not responsible for their being out of repair. The rule seems to be that the responsibility of a railroad company to its servants is the same in respect to cars of other companies which the servants are compelled to handle as in respect to its own, especially where the defect is not latent. The evidence in this case shows that the two cars loaded with ties had been hauled over the tramroad, loaded by defendant and placed on the grade side track the day before the injury occurred; that the brake on one of the cars loaded with ties had a broken chain and the brake could not be operated, while the brake on the other car was without a ratchet, or some other appliance, which prevented the brake being set; that when these cars were set in motion an employee of the lumber company climbed upon them and tried to set both brakes, but could not do so. A casual inspection of either of these brakes would have dislosed their condition, and the lumber company was bound to exercise ordinary care in furnishing cars in reasonably safe condition. See *Self v. Adell Lumber Co.,* 5 Ga. App. 846, 64 S. E. 113; *Ozan Lumber Co. v. Bryan,* 90 Ark. 223, 119 S. W. 73; *Mo. Pac. Ry. Co. v. Barber,* 44 Kan. 612, 24 Pac. 969; *Atchison, T. & S. F. Ry. Co. v. Penfold,* 57 Kan. 148, 45 Pac. 574; 26 Cyc. 1110, and numerous authorities cited in note 62. The testimony offered to which defendant objected tended to show that

the defendant had no car inspector. While it may not have been necessary, nor are we aware that the law required the lumber company to have an inspector employed specially for that purpose, still it was the duty of the lumber company to have some of its employees examine the cars which it used, for the purpose of ascertaining whether or not such cars were reasonably safe and in proper condition, to avoid injury to those in its employ, and there was no substantial error in the admission of the testimony.

The fourth assigns error in the overruling of the demurrer filed by the defendant to the evidence offered by the plaintiff on the trial. The plaintiff's evidence was sufficient to support the allegations of his petition, and on the trial of the case it was shown that the foreman of the defendant lumber company, the superior of both the engineer and the plaintiff, directed the engineer to make the drop switch, and that the foreman knew that the plaintiff was in the box car checking the lumber, and that he gave the plaintiff no notice of the fact that they were switching, or that the drop switch was to be made, and the plaintiff testified that he did not know when he was in the car checking the lumber that the company at that time would do any switching on that track. There was testimony offered tending to show that there was a rule of the company that the employees should not work in the cars while switching was being done; but the plaintiff would not be chargeable with contributory negligence or assumption of risk by reason of such rule, unless he knew that the switching was about to be done, or was being done, and this question of fact was submitted to the jury.

The plaintiff in error cites many authorities supporting the proposition that the master is not liable for injury resulting from the act of a fellow servant, without fault of the master, but those cases are not applicable to the case at bar. Thompson on Negligence, sec. 4858, states:

"Where the master fails in his duty to the injured servant of furnishing safe premises, machinery, tools, or appliances, and this failure is a proximate cause of injury, the fact that the neg-

ligence of a fellow servant also commingles with it as a proximate or efficient cause will not exonerate the master from liability."

See note with numerous authorities supporting the proposition.

It is conceded that because this action arose in the Indian Territory in 1906, when certain laws of the state of Arkansas were in force, those laws control. The case of *St. L., I. M. & S. Ry. Co. v. Corman et al.*, 92 Ark. 102, 122 S. W. 116, is one very similar to the case at bar. Corman was a brakeman in the employ of the defendant railway company, and was killed by the derailment of an engine on which he was riding in the discharge of his duties, in August, 1907, at Wagoner, Ind. T. The engine, pulling a freight train, was approaching Wagoner in the yard limits; Corman was on the running board of the engine, preparing to go down on the pilot for the purpose of operating a switch for the train to go in upon a siding; there was another track used as a passing and storage track, and a few minutes before Corman's engine reached the north end of the track some ballast cars, standing on this track, were struck and put in motion by other cars handled by the crew of another train; these cars rolled down the descending grade of the storage track and out upon the main track, and collided with Corman's engine, overturning the same and crushing him to death; there was no derailing device of any kind at the end of this storage track, and the brakes on the cars were not in working order; when they were put in motion a brakeman, who was a member of the other crew, mounted the ballast cars and tried to put on the brakes so as to stop them, but on account of the brakes not working he failed to accomplish this. The court held:

"Where a railroad brakeman was injured because of the railroad company's negligence in failing to provide a derailer or other safety device at a dangerous switch, he was entitled to recover, though the negligence of his fellow servants concurred with that of the railroad company."

*M., K. & T. Ry. Co. v. Elliott,* 2 Ind. T. 407, 51 S. W. 1067, holding:

"A train despatcher and a fireman on a locomotive are not fellow servants so as to relieve a railway company from liability for injuries sustained by a fireman through negligence of a despatcher."

*M., K. & T. Ry. Co. v. Wilhoit,* 6 Ind. T. 535, 98 S. W. 341, holding:

"The general rule is that those entering into the service of a common master become thereby engaged in a common service, and are fellow servants, but the master owes to the servant certain duties, such as providing a reasonably safe place to work, reasonably safe tools, appliances, and machinery, and he must exercise proper diligence in the employment of reasonable and competent men to perform their respective duties. If the master be neglectful in any of these matters, he is liable. And if he employ another in the performance of these obligations for him, he is liable for the neglect of that other."

See, also, *K. C., F. S. & M. R. Co. v. Becker,* 67 Ark. 1, 53 S. W. 406, 46 L. R. A. 814, 77 Am. St. Rep. 78; *Sullivan-Sanford Lumber Co. v. Cooper et al.* (Tex. Civ. App.) 126 S. W. 35; *Marcum v. Three States Lumber Co.,* 88 Ark. 28, 113 S. W. 357; *Grand Trunk Ry. Co., etc., v. Cummings,* 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266; *Gila Valley, G. & N. R. Co. v. Lyon,* 203 U. S. 465, 27 Sup. Ct. 145, 51 L. Ed. 276; *Norfolk & W. R. Co. v. Nuckols,* 91 Va. 193, 21 S. E. 342; *Coppins v. New York C. & H. R. Co.,* 122 N. Y. 557, 25 N. E. 915, 19 Am. St. Rep. 523.

The fifth assigns error in the refusal of the trial court to give instructions Nos. 1 and 9, requested by defendant. There is no merit in this contention. Said requested instruction No. 1, if given, would have told the jury that the cause of action accrued in September, 1906, and that certain chapters of the Arkansas law were applicable to that case, and "that the law to govern in this case will be the law that was in force at the time of the alleged injury." This instruction would have been misleading and confusing, and might have caused the jury to speculate upon what the Arkansas law was. It was the duty of the court, by its instructions, to state to the jury what the law was, regardless of its source. Each element of the ninth requested instruction is covered in the instructions given by the court, and the instruc-

tion in itself was not proper for the reason that, standing alone, certain elements were omitted, which were properly included in the charge given by the court.

In the sixth assignment of error all of the instructions given by the court are set out, but counsel in their brief have failed to designate any portion of the same which is erroneous. The instructions fairly state the law as applied to the evidence in this case, and in them we find no substantial error.

The judgment of the trial court is affirmed.

All the Justices concur.