## MAPLE *et al.* v. STATE.

No. 3663.   Opinion Filed September 1, 1914.

(142 Pac. 1182.)

PLEADING—Petition—Sufficiency—Conclusions of Pleader. In this case suit was instituted by the county attorney of Blaine county in the name of the state against the principal and sureties upon a bail bond. The petition alleges the return of an indictment in the district court, charging the principal defendant with unlawfully maintaining a certain place in said county wherein intoxicating liquors were sold; the order of the district court transferring said proceeding to the county court; the execution and filing of the appearance bond; the failure of the principal to appear, and an order directing the county attorney to file suit thereon; that defendants were indebted to the plaintiff by reason of the forfeiture of said bond. A general demurrer was filed to the petition, which was by the court overruled. Defendants refused to plead further, and judgment was rendered against them for the amount of the bond. **Held,** that said petition stated a good cause of action as against a general demurrer, and the court committed no prejudicial error in overruling said demurrer and rendering judgment.

(Syllabus by the Court.)

*Error from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Action by the State against Wilbert Maple and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Wm. O. Woolman,* for plaintiffs in error.

*A. L. Emery,* Co. Atty., for the State.

RIDDLE, J.   Plaintiffs in error will be denominated defendants, and defendant in error, the plaintiff. This is a proceeding in error filed in this court by defendant John Gerkin from a judgment of the district court of Blaine county rendered against him. The petition in the district court, briefly stated, alleged: That on September 27, 1910, an indictment was returned against the defendant Wilbert Maple charging him with unlawfully maintaining a certain place in Blaine county in which intoxicating liquors were sold. A copy of the indictment is at-

tached to the petition, marked "Exhibit A." That said indictment and cause was on the same day, by order of the district court, transmitted to the county court for trial. A copy of the order of the transfer is attached to and made a part of the petition, marked "Exhibit B." That on October 11, 1910, defendant Maple appeared as principal and M. E. Proffitt and John Gerkin as sureties and executed an appearance bond, providing for the principal defendant, Maple, to make his personal appearance before the October, 1910, term of the county court of said county. A copy of said bond was attached to and made a part of said petition, marked "Exhibit C." At the January, 1911, term of said court, said cause was assigned for trial on the 28th day of February. That on said date said defendant was called, but failed to appear, and made default. That his bondsmen were each called three times in open court to produce the body of said Maple in court. That an order and judgment of the county court was made and entered of record, declaring said bail forfeited, and the county attorney was ordered to proceed to file suit thereon. That by reason of and on account of the forfeiture of said bond, the said defendants and each of them are indebted to the state of Oklahoma, for the use and benefit of Blaine county, in the sum of $750, and prayed judgment for said amount. A general demurrer was filed to the petition, which was by the court overruled and exceptions taken. The defendants refused to plead further, and judgment was entered upon the petition in favor of plaintiff in the sum of $750, the amount of said bail.

Defendants make six assignments of error, but the only assignment discussed and relied upon is error of the court in overruling the general demurrer to the petition. It is the contention of defendants that the petition failed to state facts entitling plaintiff to recover. We have carefully read the argument and authorities cited by defendants, and from an examination of the authorities cited we find most of them inapplicable to the case at bar. While the allegation of the petition "that by reason of and on account of the forfeiture of said bond, the said defendants and each of them are indebted to the state of Oklahoma, for the use and benefit of Blaine county, in the sum of $750," is in a certain

sense a conclusion of the pleader, yet the facts were set out in the petition upon which this conclusion was based, and the whole petition must be construed together in determining its sufficiency. Section 4766, Rev. Laws 1910, provides:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

In carrying out the mandates of the law, as expressed in this section, we are of the opinion that the petition stated a good cause of action, entitling the plaintiff to a recovery of the amount of the bail. No substantial injustice has been done to any of the parties. This is in harmony with the holding of this court in the case of *State ex rel. Buckley v. Drake et al.,* 40 Okla. 538, 139 Pac. 976.

The judgment of the trial court is affirmed.

All the Justices concur.