## BARTLESVILLE ZINC CO. v. PRINCE.

No. 7501—Opinion Filed June 13, 1916.

(158 Pac. 627.)

**1. Master and Servant—Injury to Servant—Safe Place and Appliances—Liability of Master.**

An employer owes to his employee a duty to furnish him a reasonably safe place in which, and reasonably safe tools and appliances with which, to work and is responsible for injuries proximately resulting to the employee from neglect to do so, unless the employee has assumed the risk of the same or has contributed to the injuries.

**2. Same—Proximate Cause.**

Where the master fails in his duty to the injured servant of furnishing safe premises, machinery, or tools, and this failure is the proximate cause of injury, the fact that the negligence of a fellow servant also commingles with it as a proximate cause will not exonerate the master from liability.

**3. Same—Concurrent Negligence—Demurrer to Petition.**

The petition in this case examined, and the same charges concurrent negligence upon the part of the servant and the master, and a demurrer thereto was properly overruled.

**4. Appeal and Error—Verdict—Evidence.**

The verdict of the jury being supported by the evidence, the same will not be disturbed by this court.

(Syllabus by Hooker, C.)

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by Lee Prince against the Bartlesville Zinc Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

V. C. Meiher and Rowland & Talbott, for plaintiff in error.

George, Campbell & Ray, for defendant in error.

Opinion by HOOKER, C. It is alleged here that the plaintiff, at the time of the accident, had been in the employ of the company for about three months in the capacity of a common laborer, and as such laborer had never worked with or in connection with any machinery of the company's. That the company, knowing of plaintiff's inexperience and lack of knowledge as to the machinery, negligently and carelessly failed to caution him of the danger incident to the employment in connection with the operation of said machinery, and especially as to the danger of the rake of the company being started ahead of time, before the plaintiff was down or off of the platform or scaffold used in feeding the furnace. It is further charged that the company, in disregard of its duty, negligently failed to

furnish plaintiff a safe place in which to work and safe machinery and appliances with which to work, and that it failed to provide any warning signal or any device whatever to inform plaintiff when said rake was to be started and that it negligently placed an employee of the company, whose duty it was to start and stop the rake and to control the movements of the same, in such a position that he could not see the plaintiff while plaintiff was performing his duties, and could not see whether the plaintiff was out of the way of said rake or in danger of being caught by it. And it is further alleged that, by reason of the unsafe place in which he was working, under order of the company, and his inability to see said rake while so employed or to hear the same, owing to the noise of the machinery, etc., said plaintiff was caught by said rake and dragged to and against the doors of the kiln, and as a result of which suffered the injuries sued for in this action.

It is apparent that the petition alleged the employment and the duties of the plaintiff, and that the plaintiff was inexperienced in the operation of machinery and in the feeding of the kiln in the manner in which he was required to feed it; that he was required to do his work standing on a narrow platform in front of the kiln, with his back to the rakes which passed through the kiln; that he could not see nor hear the operator; that there was no signal between him and the operator; that the accident to plaintiff was caused by the rake starting too near the kiln ahead of time; that the company knew of plaintiff's inexperience, and that it failed to warn him of the danger of his work and the unsafe place in which he worked, and that he was performing the services under the order of a superior, and that the company was negligent in furnishing him an unsafe place to work and unsafe appliances or lack of appliances in which to work, and as a result thereof he was injured.

In our judgment, the petition stated a cause of action which was not subject to the demurrer filed by the company in this case. This court, in the case of Frisco Lumber Co. v. Spivey, 40 Okla. 633, 140 Pac. 157, in passing upon a petition substantially in form to the petition in the instant case, said:

"From a judgment thereon, the defendant appeals and assigns as error: First. The court erred in overruling the demurrer of the plaintiff in error to the amended petition of defendant in error. In support of this assignment, counsel contend that the petition shows that the injury resulted from the fault of a fellow servant, and that the master is not liable. Giving the language of the petition a fair construction, it states a cause of action, and charges concurring negligence on the part of the servant and the master."

In Thompson on Negligence, sec. 4858, it is said:

"Where the master fails in his duty to the injured servant of furnishing safe premises, machinery, tools or appliances, and this failure is a proximate cause of injury, the fact that the negligence of a fellow servant also commingles with it as a proximate or efficient cause will not exonerate the master from liability."

In M., K. & T. Ry. Co. v. Wilhoit, 6 Ind. T. 534, 98 S. W. 341, it is said:

"The general rule is that those entering into the service of a common master become thereby engaged in a common service, and are fellow servants, but the master owes to these servants certain duties such as providing a reasonably safe place to work, reasonably safe tools, appliances, and machinery, and he must exercise proper diligence in the employment of reasonable and competent men to perform their respective duties. If the master be neglectful in any of these matters, he is liable. If he employ another in the performance of these obligations for him, he is liable for the negligence of that other."

See authorities cited, 40 Okla. 640, 140 Pac. 157.

To this petition the company filed an answer which consisted of a general denial, contributory negligence, assumption of risk, and fellow-servant doctrine. At the conclusion of the evidence, the court submitted these issues to the jury, and the jury, by its verdict, found the issues against the company and in favor of the plaintiff below, and returned a judgment for the sum of $————. To reverse this judgment, the company has appealed and has assigned numerous errors why the judgment of the lower court should be reversed, chief among which are the following: (1) The court erred in overruling the demurrer to the petition; (2) the court erred in overruling the demurrer to the evidence; (3) the verdict is not sustained by the evidence; (4) errors in refusing to give requested instructions Nos. 2 and 7; (5) errors in giving instructions Nos. 4, 10, 11, 16, and 17.

As stated heretofore in this opinion, we can see no error of the court in refusing to sustain the demurrer to the petition, nor can we, for the same reason, see any error of the court in refusing to sustain the demurrer to the plaintiff's evidence. The evidence here was sufficient in our judgment to take this case to the jury. The jury saw the witnesses, heard them testify, and were in a better position to pass upon their credibility than we are; and, after hearing this evidence, the jury under the instructions of the court, which fairly presented the law of the case to them, decided these issues in favor of the plaintiff below and against the company.

By the verdict rendered here, it is established that the defendant in error was not guilty of contributory negligence, nor did he assume the risk at the time of his employment or in the performance of the duties assigned to him. The evidence being sufficient to uphold this verdict upon the theory that the company failed to furnish him a safe place in which to work or safe appliances with which to work, and the jury having said that this failure upon the part of the company was the proximate cause of the injury, we are not at liberty to disturb this verdict, nor do we know of any reason why we should do so, as the injuries of the plaintiff were very painful and severe, and, the verdict being supported by the evidence, of which the jury was the exclusive judge, under the established rule of this court, we cannot disturb it.

It is the settled law of this jurisdiction that where the master fails in his duty to the injured servant of furnishing safe premises, machinery, tools or appliances, and, as a result of this failure the servant is injured, the fact that the negligence of a fellow servant commingles with it will not exonerate the master from liability. This court in the case of Producers' Oil Co. v. Eaton, 44 Okla. 55, 163 Pac. 9, said:

"And defendant was bound to furnish plaintiff a reasonably safe place in which to work, and reasonably safe tools and appliances with which to do so. Chicago, R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Dewey Portland Cement Co. v. Blunt, 38 Okla. 182, 132 Pac. 659; Chicago, R. I. & P. Ry. Co. v. McIntire, 29 Okla. 797, 119 Pac. 1008; Choctaw Electric Co. v. Clark. 28 Okla. 399, 114 Pac. 730; McCabe & Steen Construction Co. v. Wilson, 17 Okla. 355, 87 Pac. 320; Neeley v. Southwestern Cotton Seed Oil Co., 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145.

"Was there any evidence in this case reasonably tending to show that the negligence and consequent breach of duty on the part of the defendant, in respect to the defective condition of the tie in the 'bull rope,' was the proximate cause of the injuries for which damages were received, so as to authorize the submission of this case to the jury? We think there was. 'The correct rule seems to be that a person guilty of negligence or an omission of duty should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact exist, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent act as reasonably possible to follow, if they had been suggested to his mind.' Chicago, R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Chicago, R. I. & P. Ry. Co. v. Beatty, 27 Okla. 844, 116 Pac. 171; Hughes v. C. R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591.

Also see Bales v. McConnell, 27 Okla. 407, 112 Pac. 978, 40 L. R. A. (N, S.) 940; Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 29 Sup. Ct. 270, 53 L. Ed. 453. * * *

"A controverted and open question as to whether a negligent act involving a breach of duty on the part of an employer to his employee is the proximate cause of the latter's injury is one of fact for the jury, if there is any evidence whatever reasonably tending to prove the same. St. Louis & S. F. R. Co. v. Darnell 42 Okla. 394, 141 Pac. 785; Atchison, T. & S. F. Ry. Co. v. St. L. & S. F. R. Co., 41 Okla. 80, 135 Pac. 353, 48 L. R. A. (N. S.) 509; St. Louis & S. F. R. Co. v. Davis, 37 Okla. 340, 132 Pac. 337; Petroleum Iron Works Co. v. Wantland, 28 Okla. 481, 114 Pac. 717."

There being no error in this record prejudicial to the rights of the plaintiff in error, this judgment is affirmed.

By the Court: It is so ordered.