## WOLVERINE OIL CO. v. KINGSBURY.

No. 8360—Opinion Filed Nov. 20, 1917.

(168 Pac. 1021.)

1. **Master and Servant — Relationship—Issue—Sufficiency of Evidence.**

Where the relationship of master and servant is an issue in any cause, the same may be determined by the circumstances of the employment, and the evidence here ex-

amined, and held sufficient to justify the court in presenting that issue to the jury.

## 2. Appeal and Error—Verdict—Evidence.

The evidence here presented a question of fact upon the following propositions: (1) The extent and nature of the employment of Cocoran and his duties. (2) Were the three jacks sufficient to perform this work and were they properly equipped and reasonably safe for the work? (3) Was the place in which the plaintiff was assigned to work a reasonably safe place? And the jury having decided these questions adversely to the plaintiff in error, and inasmuch as the evidence is such that all reasonable men might not reach the same conclusion, we cannot disturb the verdict.

## 3. Evidence—Declarations—Servant.

The declarations of Walker, the superintendent of the plaintiff in error here, having been made within the scope of his authority, and while he was transacting the business of his principal, were properly admitted in evidence.

(Syllabus by Hooker, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by J. R. Kingsbury against the Wolverine Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Dillard, Herndon & Dillard, for plaintiff in error.

Randolph, Haver & Shirk, for defendant in error.

Opinion by HOOKER, C. It is asserted that a reversal should be had for the following reasons:

(a) That the evidence fails to show the relationship of master and servant between defendant in error and Wolverine Oil Company or its receivers.

(b) No primary negligence upon the part of the company or its receivers is shown by the evidence.

(c) The introduction of incompetent evidence upon behalf of defendant in error over the objection of the Wolverine Oil company and to which it at the time excepted.

(d) The refusal of the court to give instruction No. 4 offered by plaintiff in error.

The suit was originally filed by Kingsbury against the receivers of the Wolverine Oil Company. After its institution and before trial the receivers of the company ended their duties, and the company commenced operation in its own behalf, and by agreement the Wolverine Oil Company was substituted as defendant in the lower court in lieu of the receivers and the action was tried and judgment had against the company.

The theory of the defendant in error may be briefly stated as follows: That he was employed by the receivers of the company to work as a "roustabout," and that it was the duty of the receivers to furnish to him a reasonably safe place in which to work, and reasonably safe tools with which to perform the duties assigned to him, but that they failed to discharge these duties and as a result thereof he was damaged. He further asserts that, while he and other employes were engaged in raising a band wheel in a power house then under the control of the aforesaid receivers, which was being done under the direction of one C., who was vice principal, and as such the representative of the master, defective and insufficient tools were furnished to them with which to do said work, in that only three jacks were being used when four were required, and that these used had defective handles, and that the place in which he was placed to perform his work was unsafe and dangerous.

The answer was a general denial.

(a) For whom was Kingsbury engaged at the time of his injury? This presented a question of fact for the jury to determine from the evidence. The contention of plaintiff in error that the evidence fails to establish the relationship of master and servant cannot be sustained; for the evidence is not such that all men would draw the same conclusion therefrom. Kingsbury says he was employed by the receivers of the Wolverine Oil Company, and that one of them refused after his injury to pay him his wages unless he would sign a release, etc., and all this evidence was sufficient to take this case to the jury.

(b) Was there any primary negligence shown? Kingsbury at the time of his injury was raising a band wheel to babbitt around a shaft. This wheel was 16 feet in diameter and weighed 8,800 pounds; it was being done under the direction of one C., acting as a foreman for the master, who ordered the men what to do and how to do it. Only three jacks were being used, and the wheel was in the end of a room about 20 feet wide. These jacks were being used by a crowbar, pipe, and a wooden forge for a handle, instead of the proper handle. This evidence presented questions of fact upon the following vital points: (a) The extent and nature of the employment

of C. and his duties. (b) Were the three jacks sufficient to perform this work and were they properly equipped and reasonably safe for the work? (c) Was the place in which plaintiff had to work a reasonably safe place? These have all been answered by the jury adversely to plaintiff in error, and inasmuch as the evidence is such that all reasonable men might not reach the same conclusion in the consideration thereof, we cannot disturb the verdict of the jury based upon the same. Midland V. R. Co. v. Williams. 42 Okla. 444, 141 Pac. 1103; S. & S. Co. v. Castleberry, 40 Okla. 612, 139 Pac. 837; C., R. I. & P. R. Co. v. Brazzell, 40 Okla. 460, 138 Pac. 794; Frisco v. Spivey, 40 Okla. 633, 140 Pac. 157.

In Choctaw C. Oil Co. v. Pope, 47 Okla. 383, 148 Pac. 170, it is said:

"Where an employe is in charge of the master's business or any department thereof, whose duties are exclusively supervision, direction and control of the work over a subordinate employe engaged therein, whose duty it is to obey him, he is a vice principal, notwithstanding he may be subject to general orders or superintending control of a general manager.

"Relative to all those absolute or nondelegable duties which the law casts upon the master for the protection of his servants, the servant, of whatever rank, to whom the master delegates the performance of such duties, is his vice principal, and not a fellow servant with the servant who was injured through his negligence in performance of such duties."

The following cases also are authority for the proposition that under the facts in the case at bar Mr. Cocoran was a vice principal for the defendant company, and that his conduct in directing Mr. Kaber to jack up one side of the band wheel until it tippled over on the plaintiff was the conduct of the defendant company, and they also are authorities for the proposition that the duty of an employer to furnish a reasonably safe place for its employes to work in, and reasonably safe tools and appliance for its employes to work with, is a nondelegable duty. Hardesty v. Largey Lbr. Co., 34 Mont. 151, 86 Pac. 29; McCabe & Steen Const. Co. v. Wilson, 17 Okla. 355, 87 Pac. 320; Dewey-Portland Cement Co. v. Blunt, 38 Okla. 182, 132 Pac. 659; R. I. Coal Mining Co. v. Davis, 44 Okla. 412, 144 Pac. 600; Prickett v. Sulzberger & Sons Co.. 57 Okla. 56, 157 Pac. 356.

(c) Was it error to admit the statements made by Walker as to the lease on which Kingsbury was working at the time he was injured being under the control of the Wolverine Oil Company and its receivers?

Walker was the superintendent of the plaintiff in error, and as such was in charge of the lease in question, his duty required him to employ men to work thereon, and when he hired Kingsbury he informed him for whom he was employed, and the statements thus made were in the line of his employment and within the scope of his authority. Chickasha C. Oil Co. v. Lamb, 28 Okla. 275, 114 Pac. 333.

(d) Plaintiff in error requested the following instruction:

"If you believe from the evidence that Kaber. who was working on the job with the plaintiff at the time of the alleged injury, did something through malice or spite toward the plaintiff which caused the wheel to tipple, and if you believe from the evidence that defendant did not order the said Kaber to do the thing which caused the wheel to tipple, then you will find for the defendant."

There is no evidence to justify the giving of this instruction. It cannot be asserted that any such conclusion can be drawn from this record. The theory of the defense will not support it, and the same was properly refused.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.