## MILLER v. BAIN.

No. 13660—Opinion Filed May 13, 1924.

Rehearing Denied June 24, 1924.

Application for Leave to File Second Petition Rehearing Denied Sept. 23, 1924.

1. **Master and Servant—"Scope of Employment"—Obeying Orders of Manager.**

An employe who obeys the orders of the manager of his employer and does necessary work in defendant's services cannot be considered in a legal sense one engaged in work beyond the scope of his employment.

2. **Appeal and Error — Variance — Amendments Considered as Made.**

Where there is a variance between the allegations of the petition and the facts proved on the trial, yet, if it be a case where an amendment to the petition ought to be allowed to conform to the facts proved, the judgment will not be reversed on account of such variance. In such case, though no formal amendment was made, it will be considered as made by this court.

3. **Master and Servant — Liability for Injuries to Servant—Unsafe Working Place —Fellow Servants' Negligence.**

Where the master fails in his duty to the injured servant of furnishing reasonably safe premises, machinery, or tools, and this

failure is the proximate cause of the injury, the fact that the negligence of a fellow servant also commingles with it as the proximate cause will not exonerate the master from liability.

**4. Same—Judgment for Plaintiff Sustained.**

After the examination of the entire record, held, that the evidence reasonably supports the verdict and judgment in favor of the plaintiff; that the errors complained of, including the giving or refusing to give instructions, have not affected any substantial right of the defendant.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County: Lucien B. Wright, Judge.

Action by S. A. Bain against B. E. Miller for personal injuries. From a judgment in favor of the plaintiff, defendant brings error. Affirmed.

Hughes, Foster & Ellinghausen, for plaintiff in error.

L. H. Taylor, for defendant in error.

Opinion by PINKHAM, C. This was an action commenced in the district court of Creek county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover damages for personal injuries alleged to have been sustained by the plaintiff while in the employ of the defendant.

The parties will be referred to as they appeared in the trial court.

The petition of the plaintiff alleged that on the date of the accident he was in the employ of the defendant, working in the warehouse of the defendant's business; that defendant was also the employer of one Jesse Adrianson, who was the owner of a team and wagon, and who was hired by the defendant to deliver goods of the defendant with his team; that the said team was a dangerous one and in the habit of running away, which the defendant well knew: that at the date of the accident the wagon was defective in that the fifth wheel was broken; that plaintiff was employed to do the work in the warehouse only, and the said Jesse Adrianson was employed to deliver goods; that the defendant ordered plaintiff to go with Adrianson to assist in the delivery of goods on the afternoon of the accident; that plaintiff objected but was told that he must either make said trip or lose his position; that Adrianson and the plaintiff then started on the trip; that because of the defective condition of the wagon, in turning a corner of the street the fifth wheel caught and

caused said wagon "to slew sideways," thereby frightening the team, which ran away and overturned the wagon; that plaintiff's injuries were caused by the negligence of the defendant in furnishing said unsafe and runaway team and defective wagon.

For answer defendant admits that he had in his employ Adrianson, but denies that he had any control over the team or that said team was employed by him in any way; that plaintiff for a long time prior to the accident had been in the habit of getting upon said wagon voluntarily and riding to and from his place of employment, and that upon the occasion of the accident he voluntarily went upon the wagon without any instructions from defendant; that plaintiff voluntarily assumed the risk, and that plaintiff knew of the defective condition of the wagon, and that the team was unsafe, but that defendant did not know either that the wagon was defective or that the team was unsafe: that by reason of the fact that the plaintiff voluntarily assumed the risk, if any existed, he is guilty of contributory negligence.

For reply the plaintiff denies all the material allegations in the answer.

The case was tried to a jury on the 25th day of October, 1921. After the testimony in chief of the plaintiff was closed the defendant demurred to the plaintiff's testimony on the grounds that the same was insufficient to constitute a cause of action, and that there was a failure of proof and a variance between the proof presented and the allegations of the plaintiff's petition, which demurrer was overruled.

After the close of all the testimony the defendant again demurred to the evidence, and requested the court to instruct the jury to return a verdict for the defendant. This request was also overruled.

The case was submitted to the jury and resulted in a verdict for the plaintiff.

Motion for new trial was overruled, and exceptions saved. The cause comes regularly on appeal to this court.

The first proposition discussed in the brief of the defendant is that there was a total failure of proof of some material allegations of the petition. It is contended that while the petition alleged that the plaintiff was employed to work in the warehouse only, and that defendant commanded him to go upon the wagon and assist in delivering furniture on the occasion of the accident, under penalty of losing his position, there was no evidence that defendant required him to go upon the wagon; that the evidence is undisputed that the defendant

was not even present at the time, and the conclusion is drawn that, therefore, the court should have sustained defendant's demurrer to the evidence.

As we understand the argument of counsel for defendant it is that as it is not contended that the defendant personally gave any directions to the plaintiff to go upon the delivery wagon and assist in delivering furniture or to perform any service outside the scope of his duties in the warehouse, that therefore the testimony wholly failed to establish material allegations of the petition.

A number of decisions of this court are cited in support of this contention, all of which are to the effect that where there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which the jury must have found in favor of the prevailing party in order to have returned the verdict returned, the verdict will be set aside. Terry v. Creed, 28 Okla. 857, 115 Pac. 1022.

There is no question of the soundness of this rule but we do not think it applies to the facts of this case. The evidence in this case clearly shows that one Rutledge had been placed in charge of the warehouse by the defendant; that the plaintiff was employed to work in the warehouse under the directions of the foreman or manager, Rutledge, and that Rutledge had the authority to control the plaintiff respecting the work which he was required to do.

There is no dispute of the fact that Mr. Rutledge ordered the plaintiff to go upon the said wagon drawn by the said team of horses for the purpose of delivering furniture on the occasion of the accident in question.

The record discloses positive testimony to the effect that it was a part of the duties of the plaintiff to go with the deliveryman and assist in making deliveries of heavy furniture and other goods requiring special care, and that the plaintiff did so frequently under the orders of the manager of the defendant's business.

The record shows that this testimony relating to the work performed by the plaintiff in delivering goods of his employer was given without objection on the part of the defendant, and that some of this character of testimony was brought out on defendant's cross-examination.

The question of the extent and scope of the manager's authority was a question to be determined by the jury, as other facts, from the evidence. Midland Savings & Loan Co. v. Sutton, 30 Okla. 448, 120 Pac. 1007.

"The weight of authority holds that the employer is liable for the acts of one whom he has appointed as his representative upon substantially the same principles as other cases of agency." 18 R. C. L. 742.

See Louisville, etc., Ry. Co. v. Brantley's Adm'r., 96 Ky. 297, 28 S. W. 477; Russ v. Wabash Western Ry. Co., 112 Mo. 45, 20 S. W. 472, 18 L. R. A. 23.

"The employe who obeys the orders of the manager of his employer and does necessary work in defendant's service cannot be considered in a legal sense one engaged in work beyond the scope of his employment." Bonnin v. Town of Crowley (La.) 36 South. 842.

On the question of agency and scope of employment the court instructed the jury, in substance, that before the plaintiff could recover the jury must find from a preponderance of the evidence that the injury was sustained by him and arose out of and in the course of his employment; that if the plaintiff was employed by the defendant to perform a specific or certain kind of work and without request of defendant or his agents plaintiff undertook to engage in the performance of work which he was not employed to do, or which he was not expected to perform, and which he knew or should have known he was not expected to do, then the accident did not arise out of and in the course of his employment; that if the jury should find from a preponderance of the evidence that the work plaintiff was performing at the time of the accident was out of the line of his employment, but that he was expressly directed to do said work by the defendant or his agent, then, before the jury could return a verdict for the plaintiff, they must further find that either the team was unsafe and that it was known to the defendant or that the wagon was in bad condition and its condition known to the defendant.

The witness, Adrianson, defendant's deliveryman, testified, and his testimony was not impaired on cross-examination, although denied positively by defendant, that he had informed the defendant of the defective condition of this wagon on the morning of the accident, and that the defendant refused to permit him to take it to the shop to be repaired.

In view of the facts disclosed by the record we cannot say there was a material variance between the proof and the pleading but if there was such variance as contended, the rule has been announced in many decisions of this court to the effect

that the mere fact of a variance between the proof and the pleading does not necessarily require a reversal of the case.

In the case of Harris v. Newcombe, 56 Okla. 741, 156 Pac. 666, it is said in the opinion:

"Where there is a variance between the allegations of the petition and the facts proved on the trial, yet, if it be a case where an amendment to the petition ought to be allowed to conform to the facts proved, the judgment will not be reversed on account of such variance. Mo. Valley Ry. Co. v. Caldwell, 8 Kan. 244; Mitchell v. Milhoan, 1 Kan. 617; Hummer v. Lamphear, 32 Kan. 439, 4 Pac. 865, 49 Am. Rep. 491. In such case though no formal amendment was made it will be considered as made by this court." M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142; Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858; Homeland Realty Co. v. Robison, 39 Okla. 591, 136 Pac. 585; Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141; Harn et al. v. Patterson, 58 Okla. 694, 160 Pac. 924; Gafford v. Davis et al., 58 Okla. 303, 159 Pac. 490.

The defendant further contends that the court erred in not sustaining the demurrer to the evidence for the reason that the testimony on the part of the plaintiff established the fact that the plaintiff got upon the delivery wagon voluntarily and voluntarily went out of the scope of his employment and thereby assumed the risk.

This contention is not borne out by the evidence. The testimony on this point is without dispute that the plaintiff, when ordered to assist the driver of the team in the delivery of the furniture upon the occasion of the accident, protested on account of the habit of this team to run away, and stated that he would prefer to walk rather than take the chances of an accident; that he was finally persuaded to ride, and did so after the manager, Rutledge, informed him that if he did not go he would lose his position.

There is no dispute in the evidence that the defective condition of this wagon was wholly unknown to the plaintiff, although he was aware of the run-away disposition of the team. That the plaintiff's injuries were the direct result of the defective condition of the wagon admits of no doubt.

Defendant further contends that the court erred in refusing to give defendant's instruction No. 4, which was as follows:

"You are further instructed that if you find from the evidence in this case that the injury of the plaintiff was caused by the negligent acts of a fellow servant which were the proximate cause of the injury then in that event this defendant could not be held liable."

The fellow servant doctrine was not pleaded, and in any event we think has no place in the case. The plaintiff was not the fellow servant of the manager of defendant's warehouse.

It is a sufficient answer to this contention of the defendant to say that the evidence discloses that the plaintiff was obliged to obey this manager, who had been placed in control of the warehouse, and who ordered him to perform the work in which he was engaged when he suffered the injuries occasioned by the defective wagon, well known to have been a dangerous instrumentality at the time by the defendant himself.

In the case of Bartlesville Zinc Co. v. Prince, 59 Okla. 141, 158 Pac. 627, it is said:

"Where the master fails in his duty to the injured servant of furnishing safe premises, machinery, or tools and this failure is the proximate cause of the injury the fact that the negligence of the fellow servant also commingles with it as a proximate cause will not exonerate the master from liability."

It is clearly apparent from an examination of the record in this case that the plaintiff, while in the performance of his duties as an employe of the defendant, by reason of the defective instrumentality furnished by the defendant and known by defendant to be in a dangerous condition, suffered serious and painful injury of a permanent character; that the evidence reasonably supports the verdict and judgment of the court in the plaintiff's favor; and that the errors complained of, including the giving or refusing to give instructions, have not affected any substantial right of the defendant.

We think the judgment of the trial court should be affirmed.

On appeal to this court from a judgment of the district court of Creek county, supersedeas bond was filed, executed by the defendant, B. R. Miller, as principal, and Ray Cadwalader and John W. Briggs, as sureties, to stay execution of said judgment; and the plaintiff has asked this court in his brief to render a judgment against the bondsmen of the defendant as well as against the defendant. No response has been made to this request.

The judgment of the trial court was rendered on the 25th day of October, 1921, in the sum of $5,500, and costs, and judgment

therefor is by the court hereby entered against the defendant and the sureties on said appeal bond in the sum of $5,500, and costs, for which execution may issue.

By the Court: It is so ordered.