BENJAMIN F. FRENCH vs. THADDEUS H. DAY, and others.

Kennebec.    Opinion December 31, 1896.

*Burden of Proof.  Exceptions.  Practice.*

Objections to the admission and exclusion of testimony in a trial are not considered by the law court when the exceptions fail to state what the evidence was thus admitted or excluded.

In trespass de bonis, where the defendants justify the asportation, an instruction "that it is incumbent upon the defendants to show by a clear preponderance of the evidence and by convincing proof their right to do so" is erroneous.

ON MOTION AND EXCEPTIONS BY DEFENDANTS.

The case appears in the opinion.

*Jos. Williamson, Jr., and L. A. Burleigh*, for plaintiff.

*Emery O. and Fred E. Beane*, for defendants.

SITTING:  PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, STROUT, JJ.

HASKELL, J.    Motion and exceptions.    Upon the motion the court considers that there is testimony in the case upon which the verdict can stand.    Whether this testimony be true was entirely for the jury, who saw the witnesses and could best judge of their credibility.    From reading the case the court cannot say that it is untrue, or that the damages are excessive although they appear to to be large.

There are exceptions to the admission and exclusion of evidence; but what evidence, the exceptions do not state, and the court cannot be expected to examine a report of evidence to ascertain.    It should have been stated in the exceptions.

This action is trespass d. b. for carrying away two small buildings standing upon land of one of defendants, of which the plaintiff had been tenant and for sundry chattels therein.    As to the chattels, the judge instructed the jury:—"As to the other property,

the furniture and other articles, the plaintiff claims that they were in his house and that the house was entered in his absence and the things taken and carried away without his knowledge or consent. If you believe this, it is incumbent on the defendants to show, by a clear preponderance of the evidence and by convincing proof, their right to do it in order to prevent a verdict against them."

This instruction was error, for two reasons:

I. Unless the property was taken and carried away by defendants, it was not incumbent upon them to prove anything.

II. Assuming that it had been carried away by them, and assuming it incumbent upon them to justify their acts, still they were only required to do so by a preponderance of the evidence, not by a "clear preponderance and by convincing proof." Perhaps the adjectives were intended for emphasis only, but the testimony upon the issues tried was so evenly balanced, that the instruction may have misled the jury, and very likely did so. Preponderance means to outweigh. To weigh more. A clear preponderance may mean that which may be seen, is discernible and may be appreciated and understood. In this sense, the expression might be unobjectionable; but it may convey the idea, under emphasis, of certainty, beyond doubt, and very likely would do so to the common mind. At any rate, the expression is equivocal and mischievous. "Convincing proof" may be said to mean that degree of certainty required to sustain a given postulate. But that view assumes that the hearer knows the rule that governs such case, which jurors are not supposed to know, but of which they should be informed. The two expressions coupled must have conveyed to the jury an erroneous basis for their verdict.

*Exceptions sustained.*