[Crim. No. 1972.  In Bank.—January 3, 1916.]

# THE PEOPLE, Respondent, v. THOMAS MILLER, Appellant.

CRIMINAL LAW—BURDEN OF ESTABLISHING DEFENSE OF INSANITY—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE—REASONABLE DOUBT.— In a criminal prosecution, after the court had correctly instructed the jury that the burden of establishing the defense of insanity rested on the defendant, and that the insanity may be established "by a preponderance of evidence merely," it was erroneous to further define that phrase as meaning "that degree of evidence which proves to a moral certainty, or, in other words, that degree of proof that produces conviction in an unprejudiced mind, regardless of the number of witnesses from whom it proceeds." The definition so given was substantially the same as that of "proof beyond a reasonable doubt," and the instruction in effect erroneously told the jury that it was incumbent on the defendant to establish insanity beyond a reasonable doubt.

ID.—DEFINITION OF TERM "PREPONDERANCE OF EVIDENCE."—The term "preponderance of the evidence" simply means that the evidence on one side outweighs, preponderates over, is more than, the evidence on the other side, not necessarily in number of witnesses or quantity, but in its effect on those to whom it is addressed.

ID.—APPEAL—EVIDENCE OF INSANITY—SECTION 4½ OF ARTICLE VI OF CONSTITUTION.—In view of the evidence as to the insanity of the defendant contained in the record, it cannot be held that the giving of such instruction did not substantially affect the rights of the defendant within the purview of section 4½ of article VI of the constitution.

ID.—ARGUMENTS SHOULD NOT BE EMBODIED IN TRANSCRIPT.—Arguments made by counsel to the court on questions of law arising during the trial of a criminal case should not be embodied in the reporter's transcript of the proceedings to be used on appeal.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Richards, Carrier & Heaney, John W. Heaney, and W. G. Gammill, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

ANGELLOTTI, C. J.—The defendant, charged with murder in the unlawful killing of one Clarence A. Baker, was convicted of murder in the first degree, and adjudged to suffer death. We have an appeal by him from the judgment.

The only defense was that defendant was insane at the time he killed the deceased. The court correctly instructed the jury, in substance, in view of the settled law of this state, that while it was essential to a conviction that the guilt of the defendant be established to their satisfaction beyond all reasonable doubt except on the single question of insanity, that as to insanity the burden of proof was on defendant, and that it was incumbent on him to show insanity by a preponderance of the evidence before he could be acquitted on that ground. The jury were explicitly and correctly instructed that it was not necessary for defendant to show his insanity beyond all reasonable doubt, but only by a preponderance of evidence, as in civil cases; and also that the proof must be

such in amount that if the single issue of sanity or insanity of the defendant should be submitted to a jury in a civil case, they must find him insane—that, in other words, insanity may be established "by a preponderance of evidence merely." But having so fully and correctly instructed the jury, the learned trial judge gave a further instruction as to what was meant by the term "preponderance of the evidence," which, so far as we can find, was the only instruction given on the subject. This was as follows, viz.:

"Preponderance of the evidence means that degree of evidence which proves to a moral certainty, or, in other words, that degree of proof that produces conviction in an unprejudiced mind, regardless of the number of witnesses from whom it proceeds."

The court refused to give an instruction requested by defendant reading in part as follows, and being in all other respects a correct statement of the law:

"Then what is the term 'preponderance of the evidence'? By preponderance of evidence is meant the greater and superior weight of evidence; and if the evidence of insanity preponderates in the slightest degree in favor of the defendant you must find him not guilty."

Defendant's main contention on this appeal is that the instruction given was erroneous, and we are satisfied that this contention is well based. It is plain to us that the definition thus given by the court was substantially the same as that of proof beyond a reasonable doubt, and that certainly a jury of laymen could find no possible distinction. It is clear that our law contemplates, as does the law generally, a material distinction between the two terms. Always has it been the established rule in this state that proof of guilt beyond all reasonable doubt is essential to the conviction of one of a crime, while a mere preponderance of evidence is sufficient in a civil case, and this rule is expressly stated in section 2061 of our Code of Civil Procedure. The existence of this distinction was fully recognized by the trial judge in this case, who advised the jury as to the necessity of proof of guilt beyond all reasonable doubt, and that defendant was required to prove his insanity only by a preponderance of evidence. The term "reasonable doubt" was fairly enough defined by him, in accord with the definition thereof given by Chief Justice Shaw in *Commonwealth* v. *Webster,* 59 Mass. (5

Cush.) 320, [52 Am. Dec. 711], which has been adopted by the courts of this and practically all other states as the best definition, viz.:

"It is not mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginable doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. . . . The evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscientiously upon it."

In instructing the jury as to the meaning of the term "proof beyond a reasonable doubt," the trial judge, in line with this definition, expressly told the jury that "moral certainty only is required or that degree of proof which produces conviction in an unprejudiced mind"; and again, that "the evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it." Clearly, the jury was thus given substantially the same definition of both the terms "preponderance of evidence" and the term "proof beyond a reasonable doubt," thus making it essential for the defendant to establish his defense of insanity by evidence showing the same to the satisfaction of the jurors beyond a reasonable doubt. That such is the effect of the instruction given is shown by what is said in *People* v. *Wreden*, 59 Cal. 393, and *People* v. *Wells*, 145 Cal. 142, [78 Pac. 470], where it is held that an instruction declaring that insanity "must be clearly established by satisfactory proof" is the full equivalent of one making it incumbent on a defendant to establish insanity beyond a reasonable doubt.

No such definition of the term "preponderance of the evidence" as that given by the trial judge is sanctioned by the authorities. The term simply means what it says, viz., that the evidence on one side outweighs, preponderates over, is more than, the evidence on the other side, not necessarily in number of witnesses or quantity, but in its effect on those to whom it is addressed. As good a definition as we have found

is that given in *Hoffman* v. *Loud,* 111 Mich. 156, [69 N. W. 231], where it is said: "In civil cases a preponderance of evidence is all that is required, and by a 'preponderance of evidence' is meant such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests." In *Parker* v. *Hull,* 71 Wis. 368, [5 Am. St. Rep. 224, 37 N. W. 351], it is said that to say that the evidence of one party must be more weighty, convincing, and satisfactory than the proof adduced by the other party is simply to state the rule of preponderance. In *French* v. *Day,* 89 Me. 441, [36 Atl. 909], it was held that an instruction requiring a "clear preponderance of evidence and convincing proof" was erroneous, and that a party was only required to prove his case "by a preponderance of the evidence," not by a "clear preponderance and by convincing proof." In *Anderson* v. *Chicago Brass Co.,* 127 Wis. 273, [106 N. W. 1077], the term is held to be properly defined as the greater convincing power of evidence, and it is said that on a trial that side has furnished the preponderance of evidence which has produced evidence of greater convincing power in the minds of the jury than that produced by the other side. Of course, these definitions do not mean that the "burden of proof" resting on a party to prove a particular fact, as in this case the burden of proof resting on defendant to prove insanity and thus rebut the presumption of sanity which the law declares, is lifted by the mere fact that he has produced a preponderance of evidence, for, as was well said in *Ergo* v. *Merced Falls etc. Co.,* 161 Cal. 339, [41 L. R. A. (N. S.) 79, 119 Pac. 103], "the evidence tending to prove a fact might be so slight that it would fail to satisfy the jury of the existence of the fact, and yet it might be of greater weight than other evidence introduced which would tend to disprove the fact," and "that in such a case the fact could not be said to be proven either by a preponderance of the evidence or at all." The same idea was expressed in *Anderson* v. *Chicago Brass Co.,* 127 Wis. 273, [106 N. W. 1077]. The party on whom rests the burden to prove an alleged fact must produce evidence sufficient in quantity and character to warrant a jury in finding the fact to exist, in the absence of opposing evidence. The question what that evidence must amount to in order to legally support a conclusion by the

jury has nothing at all to do with the question what is meant by the term "preponderance of the evidence." The party on whom rests such burden having produced sufficient evidence to support a conclusion in his favor, opposing evidence may also have been introduced, and then only does the question of preponderance of evidence arise. The situation may then be that in view of the opposing evidence, the jury is in doubt, and not at all satisfied or convinced. In such a situation the decision must be based on the preponderance rule. If in the opinion of the jury the testimony preponderates in favor of the one on whom the burden of proof does not lie, or is equally balanced, the decision must be in his favor, and if it preponderates ever so slightly in favor of the other party, he is entitled to a verdict. So that in civil cases a party may have established an essential fact by a preponderance of the evidence, although, in the light of all the evidence *pro* and *con,* the jury may not be satisfied to a *moral certainty* of the existence of the fact, and the *whole* evidence may not be such as to produce conviction in their minds. Under such circumstances, as said in *Murphy* v. *Waterhouse,* 113 Cal. 467, [54 Am. St. Rep. 365, 45 Pac. 866], "the weight of evidence or preponderance of probability is sufficient to establish a fact in a civil case." The question is not whether, in view of all the evidence, *pro* and *con,* the jury are satisfied to a moral certainty of the truth of the fact, or whether conviction as to that fact exists in their minds, but whether there is a preponderance of evidence in favor of the existence of the fact. We cannot avoid the conclusion that the instruction given on this matter most vital to defendant, the only instruction given on the subject, advised the jury that they could not find in his favor on the issue of insanity unless they were satisfied by the evidence, as a whole, "to a moral certainty" that he was insane at the time of the homicide, and "convinced" that such was the case, and we are satisfied that it could have been understood by the jury in no other way.

The error of the learned trial judge in this connection was doubtless induced by certain rather carelessly drawn provisions contained in our Code of Civil Procedure enacted in an attempt to satisfactorily define or declare the degree of proof essential to the establishment of a fact by evidence. (See secs. 1826 and 1835, Code Civ. Proc.) Manifestly these provisions are not in accord with other provisions of law in all

respects, even on the subject to which they relate. For instance, in section 1835 it is attempted to declare what is "satisfactory evidence," defining it as that evidence "which ordinarily produces moral certainty or conviction in an unprejudiced mind"; providing that such evidence alone will justify a verdict, and declaring that all other evidence is "slight evidence." Yet by other sections of the same code it is declared that a presumption is evidence, and that it is a deduction which the law *expressly directs* to be made from particular facts, and many presumptions, conclusive and *prima facie,* are stated, and it is expressly provided that as to a *prima facie* presumption the jury is bound to find according to the presumption unless it be controverted. Of course, also, it is bound to find in accord with a conclusive presumption. (See secs. 1957, 1959, 1961, 1962, and 1963, Code Civ. Proc.) All this is true, although the presumption may not be such as to ordinarily produce moral certainty or conviction of the fact presumed in an unprejudiced mind. But whatever force may be attributed to these sections and whatever they may be held to mean, they have no application to the question here involved, viz., what is meant by the term "preponderance of evidence." They purport to do no more than to attempt to declare what character of evidence will sustain a verdict, and even in that, as we have seen, when considered in connection with other provisions of law, they are not entirely correct. The instruction given in *Ergo* v. *Merced Falls etc. Co.,* 161 Cal. 339, [41 L. R. A. (N. S.) 79, 119 Pac. 103], relied on by the attorney-general, was one given at the request of the defendant, which was complaining of another incorrect instruction given at the request of the plaintiff, and it was simply held that the instruction so given at the request of the complaining defendant was of such a nature that the court would not be justified in holding the other instruction sufficiently injurious to justify a reversal. The instruction was not upheld as a correct statement of the law.

We regard the error thus made as one most substantially affecting the rights of defendant. In effect as we have said, the jury was instructed that he could not be acquitted on the ground of insanity unless he established the fact of insanity to their satisfaction beyond a reasonable doubt. We have carefully examined the evidence in order to determine whether, in view of the provisions of section 4½ of article VI

of the constitution, the judgment should be affirmed notwithstanding such error, and we are satisfied that the evidence was of such a nature that such a conclusion may not fairly be reached. In saying this we do not desire to be understood as intimating that it is our opinion that the jury should have concluded that the preponderance of evidence was in favor of the theory of insanity. The evidence elicited on the trial was of such a nature that a jury might reasonably find therein basis for a conclusion that insanity on the part of the defendant, within the meaning of our law, had not been shown by a preponderance of evidence. But, according to the record, the case made for defendant on this issue was a substantial one, and the evidence tending to show insanity was such that a jury might reasonably have found therein sufficient basis for a conclusion that the preponderance of the evidence was in favor of the theory of insanity. For aught we know the jury did so conclude in this case, finding against the defendant on that issue solely because of the erroneous instruction. It is not suggested by the learned attorney-general that if the instruction be erroneous, the facts nevertheless are such as to warrant an affirmance in view of the rule declared by the provision of the state constitution referred to.

In view of our conclusion on the point discussed, it is unnecessary to consider any other point made for reversal.

We find on an examination of the reporter's transcript of the proceedings at the trial that the same includes all arguments made by counsel to the court on questions of law arising during the trial. In the aggregate many pages of the transcript are devoted to this use. The incorporation of such arguments in a transcript for use on appeal serves no useful purpose. To the contrary, it not only impedes the examination of the record by an appellate court, but it also unnecessarily adds to the cost of the transcript to the county. The law does not require the insertion of any such matter in a transcript of the evidence to be used on appeal, and the trial judge should see that such a transcript is not unnecessarily lengthened by the incorporation of superfluous matter.

The judgment is reversed and the cause remanded for a new trial.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.

HENSHAW, J., Concurring.—I concur in the foregoing opinion of the chief justice. Section 1835 of the Code of Civil Procedure, like section 1826 of the same code, is dealing exclusively with evidence in criminal cases. The difficulty is entirely removed if to the sentence in section 1835, "Such evidence alone will justify a verdict," there be added "of conviction." That these sections have applicability solely to criminal cases is made manifest not only by the history and development of the law governing criminal trials, but from two additional facts, each equally convincing. The one fact is that if those sections were made to apply to trials by jury in civil cases, it is within bounds to say that ninety-nine such cases out of a hundred would necessarily result in perpetual mistrials. The evidence in civil cases upon either side is most rarely of so convincing a character as to produce "moral certainty or conviction," and if it be only such evidence in a civil case as "will justify a verdict," then it must result that no verdict can be rendered. As pointed out by the chief justice, this distinction is itself noted by our law in section 2061 of the same code. In subdivision 5 of that section criminal cases and civil cases are put in immediate juxtaposition, and courts are advised to instruct their juries that in civil cases their "decision must be made according to the preponderance of evidence," while "in criminal cases guilt must be established beyond reasonable doubt." The second fact, equally conclusive, is shown by the history of these two sections, derived from the notes of the codifiers and commentators. Every word of those notes establishes that the codifiers are dealing with the sufficiency of evidence in criminal cases. Thus, in the note to section 1826 it is said, "The principal difference to be remarked between civil and criminal cases with reference to the modes of proof by direct or circumstantial evidence is, that in the former where civil rights are ascertained, a less degree of probability may be safely adopted as a ground of judgment than in the latter case which affects life and liberty." While in the note to section 1835 it is said: "To acquit upon light, trivial, and fanciful suppositions and remote conjectures, is a virtual violation of the juror's oath, and an offense of great magnitude against the interests of society, directly tending to the disregard of the obligations of a judicial oath, the hindrance and dis-

paragement of justice, and the encouragement of malefactors. On the other hand, a juror ought not to condemn unless the evidence excludes from his mind all reasonable doubt as to the guilt of the accused, and, as has been well observed, unless he is so convinced by the evidence that he would venture to act upon that conviction in matters of the highest concern and importance to his own interests.'' In their note to section 1835 the codifiers cite Starkie on Evidence, and Starkie's discussion therefore may well be quoted. This is what that learned author says:

''Even the most direct evidence can produce nothing more than such a high degree of probability as amounts to moral certainty. From the highest degree it may decline, by an infinite number of gradations, until it produces in the mind nothing more than a mere preponderance of assent in favor of the particular fact.

''The distinction between full proof and mere preponderance of evidence is in its application very important. In all criminal cases whatsoever, it is essential to a verdict of condemnation, that the guilt of the accused should be fully proved; neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact to the exclusion of all reasonable doubt.

''But in many cases of a civil nature, where the right is dubious, and the claims of the contesting parties are supported by evidence nearly equipoised, a mere preponderance of evidence on either side may be sufficient to turn the scale.''