**CHICAGO, R. I. & P. R. CO. v. PENIX.**

No. 7625.—Opinion Filed July, 25, 1916.

Rehearing Denied Sept. 26, 1916.

(159 Pac. 1141.)

**1. Trial—Injuries to Servant—Instructions.**

Instructions in an action against the master for damages for a personal injury sustained by a servant while in the employ of the railroad shops of the master copied and approved as a whole.

**2. Negligence — Essentials — "Actionable Negligence."**

To constitute actionable negligence, where the alleged wrong is not willful and inten-

tional, three essential elements are necessary and must concur: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff proximately resulting from such failure.

### 3. Fraud—Essentials—Proof.

Fraud is a fact to be established by evidence, as any other fact. The general rule is that before fraud can be established it must be shown that a material representation has been made; that it was false; that when it was made the speaker knew it was untrue, or that it was made recklessly, without the knowledge of its truth and as a positive assertion; that it was made with the intention that it should be acted upon by the one to whom it was made; that it was so acted upon by reason of the reliance placed upon it; and that damage or injury resulted thereby.

### 4. Master and Servant—Injuries to Servant—Instructions—"Reasonably Safe Place"—"Reasonable Care in Furnishing a Safe Place."

An instruction which tells the jury to return a verdict for the plaintiff if they find, among other things, that the place furnished by the defendant to plaintiff in which to work was not a reasonably safe place is not erroneous. The terms "reasonably safe place" and "reasonable care in furnishing a safe place" are used interchangeably.

### 5. Trial — Instructions — Assumption of Facts—Cure by Other Instructions.

Upon the measure of damages the court instructed the jury that, if they find from a preponderance of the evidence that the plaintiff is entitled to recover, they should award him such sum as would compensate him for the loss he has sustained by reason of his injuries, etc. Held in view of the fact that the court had previously correctly instructed the jury that before they could return a verdict for plaintiff they should find, among other things, that the plaintiff had been injured, the instruction was not erroneous, and did not presume that the plaintiff had been injured.

(Syllabus by Mathews, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by John Penix against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and the defendant brings error. Affirmed.

R. J. Roberts, C. O. Blake, W. H. Moore, K. W. Shartel, and Abernathy & Howell, for plaintiff in error.

W. M. Engart and Ed. O. Cassidy, for defendant in error.

Opinion by MATHEWS, C. This is an action for damages for personal injuries alleged to have been received by the plaintiff while employed as a laborer in defendant's shops at Shawnee. The parties will be referred to as in the trial court. The jury returned a verdict for plaintiff for $1,000, the motion for a new trial was overruled, and this appeal followed.

At the close of the testimony the defendant asked for a peremptory instruction, the same was refused, and is the first assignment of error presented here. The defendant based its demand for a peremptory instruction upon the fact that the plaintiff, after the alleged injury, had executed a release from all claims for damages. Plaintiff contended at the trial that the release introduced by defendant was procured through fraud and deceit, and this was one of the principal issues in the case submitted to the jury.

The evidence on this point upon the part of the plaintiff was, in substance, that after his injury he was treated by the company's physician from time to time, and that upon the occasion of his signing the release he went to this physician's office and told him that he seemed to be getting worse instead of better; the physician then told him that the company's claim agent, whose office was adjoining the physician's, wanted to see him; that they went into the claim agent's office together and each insisted that he sign a release; that he had been examined a short while before by three physicians, one being the company's physician, and the claim agent then read to him the report of these three physicians, wherein it was stated that he was not injured and was bothered with malaria only; that they kept urging, and finally he agreed to and did sign the release; that as soon as he signed the release he was requested to sign an affidavit that he was in good condition, was in his right mind, and knew what he was doing; that about that time a notary came in, and that rather scared him, but that he then told them he would sign the affidavit if the company's physician would also make an affidavit that he was not injured, but this the physician refused to do; that he then refused to sign the affidavit, and informed them that he would go no further with it, and at once left the office; that the company afterwards sent him a coupon for $1, which was the stated consideration for the release; but that he had never cashed it. We think this evidence was sufficient to put the case to the jury and amply sustains their findings.

The general instructions were as follows:

"(2) You are instructed that to constitute actionable negligence, where the alleged wrong is not willful and intentional, three

essential elements are necessary and must concur: First, the existence of a duty on the part of the defendant to protect the plaintiff from injury; second, failure of the defendant to perform that duty, and third, injury to the plaintiff proximately resulting from such failure.

"(3) You are instructed that, if you find and believe, from a preponderance of the evidence in this case, that the place furnished by the defendant, Chicago, Rock Island & Pacific Railway Company, to the plaintiff, John Penix, in which to perform the work which the plaintiff was required to perform, was not a reasonably safe place, and that, because of the negligence of the defendant in failing to furnish the plaintiff a reasonably safe place, the plaintiff, while in the exercise of ordinary care, and as the direct and proximate result of the negligence of the defendant company to furnish him a reasonably safe place to work, was injured, then and in that event plaintiff would be entitled to a verdict at your hands, unless you find the plaintiff has released the defendant by means of the release introduced in evidence in the case.

"(4) If you find from the evidence, by a preponderance thereof, that the defendant company was negligent as alleged, and that as a proximate result of such negligence the plaintiff was injured and suffered damage thereby it will be your duty to determine whether or not by a preponderance of the evdence the release testified to in this case was procured by fraud or is othewise void. And in this connection you are instructed that fraud is never presumed, and the burden of proof is therefore upon the plaintiff to prove to your satisfaction by a preponderance of the evidence that the release in question was procured by fraud. If you find all the other issues in the case in favor of the plaintiff, and believe by a preponderance of the evidence that the release in question was procured of the plaintiff by the defendant company by fraud, then your verdict should be for the plaintiff and against the defendant.

"(5) You are instructed that, before fraud sufficient to warrant the cancellation of the release which the plaintiff has admitted signing in this case can be established, it must be shown that a material representation has been made; that it was false; that when it was made the speaker knew it was untrue or made it recklessly or without knowledge of its truth and as a positive assertion; that it was made with the intention that it should be acted upon by the one to whom it was made; that it was so acted upon by reason of the reliance placed upon it; and that damage or injury resulted thereby. Therefore, unless you find in this case that some agent or employe of this defendant made a false statement to the plaintiff in connection with this release and the execution thereof. and that the said release was signed as a result of the said false statement so made, your verdict should be for the defendant.

"(6) You are instructed that negligence as the proximate cause of an injury is a cause from which a man of ordinary experience and sagacity could foresee that the result might probably ensue.

"(7) You are instructed that certain persons have been permitted to testify in this case as expert witnesses, and in this connection you are instructd that an expert witness is one who is skilled in any particular art, trade, or profession, being possessed of peculiar knqwledge concerning the same, acquired by study, observation, and practice. Expert testimony is the opinion of such a witness based upon the facts in the case as shown by the evidence, but it does not tend to prove any fact upon which it is based, and before you can give any weight whatever to expert testimony you must find from the evidence that the facts upon which it is based are true. The jury is not bound by expert testimony, but it should be considered by you in connection with the other evidence in the case. And you are instructed that the testimony given by the physicians and experts who testified in this case is to be taken and considered by the jury like the evidence of the other witnesses who testified in the cause; and the opinion on questions of paresis, nervous disturbances, insanity, and other matters involved in this case which have been given by the medical experts are subject to the same rules of credit or discredit as the testimony of the other witnesses, and are not conclusive on the jury. These opinions neither establish nor tend to establish the truth of the facts upon which they are based. Whether the matters testified to by the witnesses in the cause are facts, or true or false, is to be determined by the jury alone; and you must also determine whether the facts and matters stated and submitted to the experts in the hypothetical questions are true in fact and have been proven in the case.

"(8) You are instructed that in this case persons have been permitted to testify to certain statements, acts, and conduct of the plaintiff, and to express their opinions, based upon such statements, acts, and conduct, as to whether or not the plaintiff was sound or unsound in his mental, physical, and nervous condition. These witnesses are what are known in law as nonexpert witnesses, and in determining the value of the opinion of such a witness you may take into consideration the intelligence shown in his examination, his opportunities for acquiring the knowledge upon which his opinion is based, his previous personal acquaintance with the plaintiff, its character and the length of time it existed, his freedom from bias or interest, the absence of finely spun theories from his conception of the whole matter, the fullness of the facts within his knowledge, and the accuracy of his memory. No rule can be laid down as regards the amount of knowledge which the nonexpert must possess. The weight that the opinion of such a witness shall have is for the jury alone to determine.

"(9) Negligence, as used in these instructions, means a want of ordinary care. By ordinary care is meant such care as men of ordinary prudence usually exercise under the same or similar circumstances.

"(10) You are instructed that by a preponderance of the evidence is not necessarily meant the greater number of witnesses, but by a preponderance of the evidence is meant that evidence, which, in the light of all of the evidence, facts, and circumstances in proof in the case, is most satisfying and convincing to the minds of the jurors.

"(11) If you find from a preponderance of the evidence that the plaintiff is entitled to recover from the defendant, then it is your duty to award him such sum by way of damages as you believe from the evidence will fairly compensate the plaintiff for the loss he has sustained by reason of his injuries; and in arriving at such amount you may consider his age at the time of the accident, his health and physical condition before and after the injury, his habits, his earning capacity, the character of his injuries, as to whether they are permanent or otherwise, the physical pain and mental suffering, if any, which he has suffered, or will reasonably be expected to suffer by reason of his injuries, his loss of time, if any, and, together with all other facts and circumstances in evidence in the case showing or tending to show the amount of damage the plaintiff has sustained, determine the amount which you believe the plaintiff is entitled to recover, but your verdict should not in any event exceed the sum of $3,000, the amount claimed in the plaintiff's petition.

"(12) You are instructed that in passing upon the question of the admissibility of any evidence the court has not expressed nor intimated nor intended to express or intimate any opinion as to the weight or credibility of the evidence. The court has simply determined what evidence offered in the case was proper to go before you for your consideration. As to the weight and credit to be given to the evidence that has been introduced, you are the sole and only judges. You are the sole judges of the facts proved in the case, but you are bound by the law as given to you by the court. And in this connection you are instructed that it is of the utmost importance that you carefully weigh all the evidence in the case, so that you may, if it is possible to do so, ascertain the exact truth. The court is powerless to correct any mistake that you might make in your determination of a material fact where the evidence is conflicting, and therefore, if you should make a mistake in such regard, justice may go astray, and the court therefore desires to impress upon your minds the importance of a full, careful, unbiased, unprejudiced, and intelligent consideration of all the evidence, facts, and circumstances in the case.

"(13) In determining the weight and credit you will give to the testimony of any witness, you may take into consideration the interest or lack of interest of the witness in the result of this action, his appearance and demeanor in the presence of the jury, his intelligence or lack of intelligence, his apparent candor and fairness, or lack thereof, the reasonableness or the unreasonableness of the story told by him, his means and opportunities for seeing and knowing the matters concerning which he testifies, and from all the evidence, facts, and circumstances in the case determine the weight and credit you will give to the testimony of any witness and give credit accordingly.

"(14) You are the sole exclusive judges of the facts proved in this case and of the credibility of the witnesses, and of the weight to be given to the testimony of the witnesses who have testified before you, but you are bound by the law as given to you by the court in these instructions.

"(15) You are instructed that you must consider these instructions all together. You have no right to consider any part or parts of the same to the exclusion of other portions thereof.

"(16) You are instructed that any nine or more of your number may agree upon and return a verdict in this case. In the event you reach a verdict by an agreement of less than your whole number, but not less than nine, then each juror concurring in the verdict must sign the same. If your verdict is unanimous, it need only be signed by your foreman."

Upon the question of fraud the defendant requested the following instruction:

"You are instructed that a misrepresentation within the meaning of the law of fraud is anything short of a warranty, which proceeds from the action or conduct of the party charged, and which is sufficient to create upon the mind a distinct impression of fact conducive to action. Therefore you are instructed that, unless you find from the facts in evidence in this case that a misrepresentation as defined herein was made, you will find that the release was not obtained by fraud, and your verdict should be for the defendant."

The court refused this instruction, giving as his reason that he had covered the subject sufficiently in No. 5 of his general charge. While we find no material objection to the instruction offered, yet we are of the opinion that the instruction given is clearer and more intelligible and preferable in every way to the one requested, and fully covers the question of fraud as presented in this case.

"Fraud" amounting to misrepresentation is defined in St. Louis & S. F. R. R. Co. v. Reed, 37 Okla. 350, 132 Pac. 355, as follows:

"Fraud is a fact to be established by evi-

dence, as any other fact. The general rule is that before fraud can be established it must be shown that a material representation has been made; that it was false; that when it was made the speaker knew it was untrue, or that it was made recklessly, without the knowledge of its truth and as a positive assertion; that it was made with the intention that it should be acted upon by the one to whom it was made; that it was so acted upon by reason of the reliance placed upon it; and that damage or injury resulted thereby. 20 Cyc. 13."

By comparison it will be noted that the instruction given follows closely the above concise definition of "fraud" and covers every phase of this definition.

Defendant next complains of instruction 3 relative to the duty of the master to provide a reasonably safe place for his employes. Defendant contends that this instruction places a greater burden upon it in regard to furnishing a safe place for its employes than the law exacts, and that it is only required to exercise ordinary or reasonable care to furnish a reasonably safe place, and cites the following cases in support of its contention: Dewey Portland Cement Co. v. Blunt (1913) 38 Okla. 182, 132 Pac. 659; Chicago, R. I. & P. Ry. Co. v. Brazzell, 40 Okla. 460, 138 Pac. 794; Sulsberger & Sons v. Castleberry, 40 Okla. 613, 139 Pac. 839; Frisco Lumber Co. v. Spivey, 40 Okla. 633, 140 Pac. 157; Texas Co. v. Collins, 42 Okla. 374, 141 Pac. 783; Dolese Bros. Co. v. Smith, 42 Okla. 452, 141 Pac. 775; Midland Valley R. Co. v. Williams, 42 Okla. 444, 141 Pac. 1103; Chicago, R. I. & P. Ry. Co. v. Townes, 43 Okla. 568, 143 Pac. 680; Rock Island Coal Min. Co. v. Davis, 44 Okla. 412, 144 Pac. 600. We find no fault whatever with the doctrine laid down in these decisions. They simply hold that it is the duty of the master to exercise reasonable care and diligence to provide a reasonable safe place in which the employe is to work.

The exact question here raised has been passed upon by this court in numerous instances. In the case of Frederick Cotton Oil & Mfg. Co. v. Traver, 36 Okla. 717, 129 Pac. 747, the instruction complained of was as follows:

"You are instructed that, under the law, it is the duty of the master to provide a servant with a reasonably safe place to work and with reasonably safe tools or appliances with which to work."

And the court said this:

"It is contended by plaintiff in error that this instruction is erroneous and vicious, in that it instructs the jury that the master must furnish a place reasonably safe, where-

as his duty is only to use reasonable care in furnishing such a place. The materiality of this distinction has not been generally recognized by the courts. The two terms, 'reasonable care in providing a safe place,' as a general rule, have been used interchangeably. Some of the standard text works use the term 'reasonably safe place' as the adopted rule. Others use the two terms interchangeably."

In the case of Great Western Coal & Coke Co. v. Malone, 39 Okla. 693, 136 Pac. 403, the instruction under consideration was:

"It was the duty of the defendant to furnish the plaintiff a reasonably safe place in which to work," etc.

And the court therein said:

"It is insisted that this instruction places altogether too high a duty on the master; that all the master is required to do is to exercise ordinary or reasonable care and diligence to provide his servant with a reasonably safe place in which to work, with reasonably safe tools and implements with which to work, with reasonably safe material upon which to work, and suitable and competent fellow servants, and that this instruction requires defendant to furnish a reasonably safe place to work, etc., and imposes upon the master an absolute duty in this respect, and does not give him the privilege of using ordinary and reasonable diligence in the furnishing of such place, tools, etc. The criticism offered to this instruction is unwarranted; and, while it is true that many of the cases go to the extent of saying that the master is bound to exercise reasonable care and diligence to provide his servant with a reasonably safe place in which to work, etc., as was said by Mr. Justice Williams in Dewey Portland Cement Co. v Blunt, 38 Okla. 182 Pac. 659, yet we do not think it was the intent of the court in that case to emphasize the necessity of the use of such language, or to overrule or criticize the holdings of Neeley v. S. W. Cotton Seed Oil Co., 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; Coalgate v. Hurst, 25 Okla. 588, 107 Pac. 657; C., R. I. & P. Ry. Co. v. Wright (39 Okla. 84) 134 Pac. 427; Choctaw Elec. Co. v. Clark, 28 Okla. 399, 114 Pac. 730; or Frederick Cotton Oil & Mfg. Co. v. Traver, 36 Okla. 717, 129 Pac. 747."

See also, Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166; Ruemmeli-Braun Co. v. Cahill, 14 Okla. 422, 79 Pac. 260; McCabe & Steen Const. Co. v. Wilson, 17 Okla. 355, 87 Pac. 320; Frisco Lumber Co. v. Thomas, 42 Okla. 670, 142 Pac. 310; C., R. I. & P. R. Co. v. Rogers, 60 Okla. 249, 159 Pac. 1132.

So it will be seen that the above decisions sustain the instruction complained of and hold that the two terms "reasonably safe place," as used in the instruction at bar, and "reasonable care in furnishing a safe

place," are used interchangeably; yet, even if it should be an actual error, as urged by defendant (which we have shown it was not), instruction No. 6, defining negligence, following later in the opinion would have cured the error, if any.

Defendant next attacks instruction No. 11, upon the measure of damages. The vice which defendant attempts to find in this instruction, it claims, appears in the first clause thereof, and it argues that it is there assumed that the plaintiff was injured, while this was one of the controverted points in the case upon which the defendant had introduced evidence tending to prove that the plaintiff was not injured at all, and most especially that there was no injury at the time he signed the release.

In instruction 3 the court had instructed the jury upon what conditions they could find for the plaintiff, one of the conditions being that they must find from a preponderance of the evidence, among other things, that the plaintiff was injured before the verdict could be for the plaintiff, and instruction No. 11, now complained of, simply informs them as to the measure of damages. It would have been perhaps better to have followed the first clause in section 11 with the further words, "if they find he was injured," but we see no vice in the instruction as it stands.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.