## MIDLAND VALLEY RAILROAD CO. v. BARNES et al.

No. 21003. Opinion Filed Jan. 24, 1933.

Rehearing Denied Feb. 14, 1933.

O. E. Swan and James D. Gibson, for plaintiff in error.

Frank T. McCoy and John T. Craig, for defendants in error.

SWINDALL, J. The plaintiffs sued to recover the value of cattle alleged to have died because of injures sustained by having been knocked down and trampled upon, alleging that this was caused by the negligence of the defendant in not having pens adequate in size and in permitting the pens to become dangerous in character because the soil had been washed away from rocks that were left exposed and slippery, and because a hole had been washed out and had become filled with mud and slush.

The defendant answered by a general denial, set up the terms and provisions of the contract with regard to care of the cattle, and pleaded contributory negligence on the part of the plaintiffs.

From a verdict and judgment for the plaintiffs the defendant has appealed, alleging numerous errors, among them being alleged error in overruling its demurrer to the plaintiffs' evidence, error in refusing to instruct the jury to return a verdict for the defendant, error in refusing to give other instructions requested by the defendant, and error in the instructions given to the jury.

(1) The error, if any, in overruling the demurrer to the evidence of the plaintiffs, was waived by the defendant going forward with its evidence. Local Building & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156.

(2) We have carefully examined all of the evidence upon which the verdict was based, and upon neither issue, that of negligence of the defendant in the respects claimed, or that of negligence of the plaintiffs contributing to the harm, can we say that it was such that twelve men could not reasonably differ in their conclusions, so that we are forced to conclude that the issues of negligence other than contributory negligence were properly submitted to the jury and the issue of contributory negligence by the provisions of article 23, sec. 6, of the Constitution was required to be submitted to the jury; so that there was no error in denying the defendant's request for an instructed verdict. Oklahoma Civil Digest, vol. 4, Negligence, sec. 13, pp. 2159 et seq.; Complete Oklahoma Digest, Negligence, sec. 65. Oklahoma Constitution, art. 23, sec. 6.

(3) The defendant complains of the giving of the following instruction:

"The burden of proof is upon the defendant to **establish to your satisfaction,** by the fair weight and preponderance of the evidence, the allegations of contributory negligence."

The plaintiffs contend that whether this instruction was or was not correct, since the court gave the same instruction with regard to their burden of proving the defendant's negligence, the correctness of the instruction became immaterial. Unfortunately, we cannot so dispose of the question.

The instruction was objectionable. In the first place, all that is required in most issues in a civil case, among them the issue of negligence, is that the party upon whom the burden of proof is cast produce a preponderance of the evidence, which is such evidence as makes it more probable than otherwise that what are alleged to be facts are facts. If the party has produced evidence having this effect, he has sustained his burden, and he is entitled to a favorable holding upon the issue. It is immaterial whether the jurors or any of them are or are not satisfied that the facts actually are so. This court has again and again held that "in a civil case, all that the plaintiff is required to do in order to establish his case is to make it * * * more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom." Missouri, K. & T. R. Co. v. Minor, 75 Okla. 10, 181 P. 142. What the jury is to be satisfied of is that the evidence does or does not preponderate, but they are not required to be satisfied that the more probable inferences agree with the real facts. One of the best expressions of this that we have found was given by Wilkes, J., in Endowment Rank of Order of K. P. v. Steele (Tenn.) 63 S. W. 1126, at page 1128, in the following language:

"* * * It is not required that the evidence shall be clear and plain or that it shall satisfy any reasonable man. The word 'satisfy' means 'to free from doubt, suspense, or uncertainty; to set the mind at rest.' Now, it is necessary that the jury should be satisfied that there is a preponderance one way or the other, but this does not mean, that it must be satisfied of the truth of the fact itself. Mr. Greenleaf, in his work on Evidence (vol. 1, sec. 2) says: 'By "satisfactory evidence," which is sometimes called "sufficient evidence," is intended that amount of proof which will ordinarily satisfy an unprejudiced mind beyond a reasonable doubt.' The law does not require that any theory or contention of either

party in a civil suit shall be free from doubt, suspense, or uncertainty; that the evidence must set the minds of the jury at rest; that it must be clear and plain; that it must be established, in the usual acceptation of that term; but merely that the contention shall be supported and made out by a preponderance of the testimony, although the jury may nevertheless have some doubt or uncertainty, and their minds may not be at rest, and the fact may not be certainly fixed. A jury may consider that a fact is shown by a preponderance of the testimony when it falls short of making it clear and plain or removing doubt from their minds; but the rule is, if the evidence is of sufficient weight to preponderate in favor of any theory or contention, that, in a civil case, is sufficient. Now, the several charges in the case complained of, clearly lay down the rule that the evidence in the case must be of such a character, or so clear and plain, as to satisfy any reasonable man, and remove doubt from the minds of the jury. The true statement of the rule is that, if the evidence preponderates in favor of any contention of the plaintiff or defendant, that contention may by the jury be considered as sufficiently sustained to rest a verdict upon, and it is not necessary that the evidence should go so far as to make said contention clear and plain, or establish it, in a sense to make it free from doubt or uncertainty, or set the minds of the jury at rest, and convince them absolutely of the truth of the contention. After all the evidence that can be produced is introduced, the jury may still be unsatisfied—not convinced. Their minds may not be at rest. They may not be freed from doubt, uncertainty, and suspense. But still the jury may recognize that there is a preponderance of evidence, and on that they may base their verdict."

The instruction criticized and held to be error in that case was:

"(3) Such is the love of life, that the law presumes no man will commit suicide or intentionally kill himself. Therefore, the burden of proof is on the defendant **to establish to the satisfaction of the jury by a preponderance of the evidence,** that J. K. Steele did intentionally take a dose of morphine or other narcotic, and that it produced his death."

In Sonnemann v. Mertz (Ill.) 77 N. E. 551, the instruction as to burden of proof was as follows:

"* * * The law assumes that those in possession of land are rightfully in possession; and that one who claims they are unlawfully in possession **must satisfy the jury, by a preponderance of the evidence,** that he has a good title to the same."

The Supreme Court said:

"It is always error to instruct the jury in a civil case that the party having the burden of proof must furnish evidence which will satisfy the jury, and instructions of this character have so often been condemned that the rule is well understood and firmly established."

The error was held to be reversible.

In Cincinnati H. & D. R. Co. v. Frye (Ohio) 88 N. E. 642, the instruction was as follows:

"So far as this affirmative defense by the defendant is concerned, the burden of proof to establish it by a preponderance of the evidence is upon the defendant; and, in the event you find the plaintiff has made out the truth of his charge of negligence against the defendant, he would be entitled to recover * * * at your hands, unless the defendant has so made out the truth of its affirmative defense wherein it charges the plaintiff with negligence by reason of which he was injured and his injuries were aggravated, and, if the defendant **has satisfied your minds by a preponderance of the evidence** that, notwithstanding the alleged negligence of the defendant, the plaintiff was guilty of negligence which contributed directly and proximately, together with the alleged negligence of the defendant, to produce this injury, the plaintiff cannot recover."

In reversing a judgment for the plaintiff, the Supreme Court said:

"Attention and obedience to the language of this instruction would not permit the jury to determine the issue of contributory negligence in this case, upon a mere preponderance of the evidence, yet this measure of proof, in this character of case, is all the law demands or requires. By this instruction the jury was told, not only that the burden of proof was on the defendant to establish its affirmative defense of contributory negligence by a preponderance of the evidence, but that, if the defendant was negligent as charged, then plaintiff was entitled to a verdict, 'unless the defendant has so made out the truth of its affirmative defense.' And the jury was thereby further told * * * that such affirmative defense was so made out 'if the defendant has satisfied your minds by a preponderance of the evidence * * * that the plaintiff was guilty of negligence which contributed directly and proximately, together with the alleged negligence of the defendant, to produce this injury.' This instruction, therefore, in effect, imposed upon defendant the requirement—if it would make available the defense of contributory negligence—that it establish by a preponderance of the evidence the truth of such defense to the satisfaction of the jury. This was to place upon the defendant the obligation and burden of producing or furnishing a higher degree of proof than the law demands or exacts, and was therefore erroneous. In Davis v. Guarnieri. 45 Ohio St. 471, 490, 15 N. E. 350, 360, 4 Am.

St. Rep. 548, this court, in the eighth paragraph of the syllabus, declares the law to be that: 'In the trial of a civil action, where the preponderance of the proof is to determine the issues, the court or jury deals simply with the probabilities in the case.' And in the opinion Owen, C J., says: 'It is not necessary to the determination of the issues in a civil case (with very few exceptions, of which the present is not one) that the triers should believe the existence of any material fact, but that the probabilities, when weighed by them, preponderate in favor of the fact which they find to be established by the proof.' "

In Harig v. McCutcheon (Ohio App.) 155 N. E. 701, the court said:

"In its instruction to the jury upon the burden of proof, the court again committed prejudicial error. The rule is that the party on whom the law casts the burden of proof must carry it by a preponderance of the evidence, **and an instruction that the jury must be satisfied by a preponderance of the evidence is misleading and erroneous. To satisfy requires more than a preponderance of the evidence to maintain the issue,** and such a charge is erroneous and prejudicial."

In Sullivan v. Nesbit (Conn.) 117 Atl. 502, in criticising an instruction requiring proof by a preponderance of the evidence and telling the jury that they must feel an abiding sense that the plaintiff's conduct did not contribute to his injury, the court said:

**"It is enough in civil causes that the plaintiff should make it appear by a fair preponderance of all the evidence that his affirmative propositions of fact are more probably true than not,** and to say that a jury must feel an abiding sense that his propositions of fact are true states the rule in a form which may easily be supposed to require something approaching proof beyond a reasonable doubt."

In Kaaro v. Ahmeek Mining Co. (Mich.) 146 N. W. 149, it was admitted that an instruction that **"He must establish by a fair preponderance of the evidence to your satisfaction"** was subject to criticism and was incorrect. but in view of the fact that the other instructions had throughout properly defined the burden of proof and had required the jury to hold in accordance with a preponderance of the evidence. the judgment was not reversed.

A few courts, those of Indiana, Missouri, and California, while criticising the form of the instruction, refuse to reverse a judgment merely because of it, giving as their reason that the words "establish to your satisfaction" are equivalent to "find" or "believe." A sufficient answer to this is that the jury does not have to find or be-

lieve the facts, and this expression is always used in connection with reference to the facts of the case, so that in form it requires the jury to be satisfied as to the real facts. Upon this point it is clear from declaration after declaration from this court that these issues are governed by whether it is more probable than not that the facts are as alleged, and not by what the facts really are. And the above quotations from cases in Tennessee, Illinois, and Ohio, together with the Michigan case, make clear the vice of coupling with a requirement of proving by a preponderance of the evidence a requirement that there be an establishment to the satisfaction of the jury. Further than that, "establish to your satisfaction" seems clearly much stronger than "find" or "believe" immediately followed by the words "from a preponderance of the evidence."

In Alabama. where the rule is different from the ordinary rule as to probabilities, since there the courts have declared that the jury should be reasonably satisfied as to the facts, still the court holds it to be reversible error to give the instruction without modifying it by the word "reasonably," holding that instructing the jury that the issue must be established to their satisfaction by a preponderance of the evidence requires too high a degree of proof. Lawrence v. Doe ex dem. Alabama State Land Co. (Ala.) 41 So. 612.

Over and over again careful courts have taken pains to point out that the preponderance of the evidence which is the required measure of proof on most issues in civil cases has only to do with probability as to the facts. and that it is the probability with which the jury must be satisfied, and that they need not be satisfied of the facts themselves.

"The term 'preponderance of evidence' means a greater weight of evidence, and not testimony of such superior weight and convincing force as satisfies the mind of its truth. 'When a jury are informed that their verdict should accord with the preponderance of evidence, they are simply directed that they should find for the party on any issue in the case who adduces thereon the greatest quantity of credible evidence as weighed in their own minds.' Bryan v. Chicago, R. I. & P. Ry. Co., 19 N. W. 295, 296, 63 Iowa, 464." Qouted from Words & Phrases (First Series) vol. 6, p. 5518.

"Preponderate means to outweigh; to weigh more. French v. Day, 36 Atl. 909, 89 Me. 441." Quoted from Words & Phrases (First Series) vol. 6, p. 5518.

"The word 'preponderance means superiority in weight, influence, or force. The evi-

dence may be preponderate, and yet leave the mind in doubt as to the very truth. In such cases the evidence does not fairly set at rest, but merely preponderates in favor of that side whereon the doubts have less weight. Ball v. Marquis (Iowa) 92 N. W. 691, 692." Quoted from Words & Phrases (First Series) vol. 6, p. 5518.

"Preponderance of evidence means such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests. Proof to a demonstration is not required, and it is usually unfortunate to employ qualifying words when defining the necessity for a preponderance of the evidence. Hoffman v. Loud, 69 N. W. 231, 232, 111 Mich. 158." Quoted from Words & Phrases (First Series) vol. 6, p. 5516.

"By 'preponderance of evidence' is meant that evidence which, after a consideration of all the evidence, is in the judgment of the jurors entitled to the greatest weight; that the testimony which points to a certain conclusion appears to the jury to be more credible and probable than the testimony to the contrary. It means such evidence as, when weighed with that which opposes it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests. United States v. Southern Pac. Co., 157 Fed. 459, 462." Quoted from Words & Phrases (Second Series) vol. 3. p. 1151.

" 'Preponderance of the evidence' is a phrase which in its last analysis means probability of the truth. In a cause where there is conflicting moral evidence, the jury in the one case, the chancellor in the other, is required to decide accordingly as the weight of the evidence preponderates in favor of one proposition or the other. That is to say, having no personal knowledge of the transaction under investigation, they must by the application of common knowledge and experience decide which set of witnesses or line of evidence raises the greater probability of its consistency with truth. Boyd v. Gosser, 82 So. 758, 761, 78 Fla. 70, 6 A. L. R. 500." Quoted from Words & Phrases (Third Series) vol. 6, p. 54.

"A fair preponderance of evidence means such evidence as when weighed with that which is offered to oppose it, has more convincing power in the minds of the jury. It is not a technical term at all, but means simply that evidence which outweighs that which is offered to oppose it. It does not mean that a greater number of witnesses shall be produced on the one side or the other, but that, upon the whole evidence, the jury believe the greater probability of the truth to be upon the side of the party having the affirmative of the issue. Strand v. Chicago & W. M. Ry. Co., 34 N. W. 712, 715, 67 Mich. 380." Quoted from Words & Phrases (First Series) vol. 6, p. 5518.

When we examine the other instructions in this case, with the exception of one instructing as to the meaning of the term "preponderance of the evidence," we find them all in the hypothetical form "If you find," or "If you find from a preponderance of the evidence," which still leaves in the original instruction as to burden of proof, the vice which we have criticized, that to find for the party having the burden of proof, the jury must find that the real facts have been established to the point of their satisfaction.

And when we turn to the instruction attempting to define the term "preponderance of the evidence," we find the following:

"By a preponderance of the evidence is not necessarily meant the greater number of witnesses testifying upon the one side or the other; but it is the evidence **which best satisfies your minds;** from a full consideration of all the evidence, **as to the real facts of the matter in controversy.**"

This instruction attempting to definite "preponderance of the evidence" wholly omits the essential element of definition, that of sufficiency of greater probability, and reduces the instruction to one more calculated to instruct the jury as to the process to be followed by them in considering items of evidence by a sort of process of sorting out to the end of later considering them in concluding as to where the preponderance might lie. So, here we find the same vice continued, the satisfaction of the minds of the jurors as to what are the real facts as to the matter in controversy, so that the vice in the instruction upon the burden of proof is intensified rather than cured by this last instruction.

In urging that this instruction on burden of proof was proper the plaintiffs cited only one authority and that was not in point. It was the case of M., K. & T. Ry. Co. v. Horton, 28 Okla. 815, 119 P. 233, approving an instruction requiring the issue to be established by a preponderance of the evidence. The instruction was not attacked, the question being one of properly instructing as to damages, and the court reviewing the instructions as to burden of proof held that they were a proper general statement of the law. We think that "establish" can be considered as somewhat elastic in meaning and that the immediate juxtaposition of the term "preponderance of the evidence" might be considered as indicating that the issue would turn upon the preponderance. We cannot concede plaintiffs' argument that "establish by a preponderance of the evi-

dence" is equivalent to "satisfying the minds of the jurors." or to "establish to your satisfaction," as the plaintiffs contend in their brief.

We observe that Randall's Instructions to Juries, vol. 3, sec. 2345 (8), states that an instruction as to the meaning of the term "preponderance of the evidence" somewhat similar to the one given in the present case was approved by this court in Chicago, R. I. & P. Ry. Co. v. Penix, 61 Okla. 4, 159 P. 1141. As a matter of fact, the instructions in that case also gave this principal instruction as to burden of proof which the courts generally held erroneous that the burden was "to prove to your satisfaction by a preponderance of the evidence that the release in question was procured by fraud." In that case the decision quoted the instructions in full, and it appears that they were voluminous, and neither of the particular instructions were approved, the decisions as to the correctness of instructions involving only other instructions, one reciting the elements of fraud, and the others relating to the law of master and servant. The matters which we have given careful consideration in this opinion were not called to the attention of the court in that case, nor were the questions either before the court or passed upon by it.

We have given these instructions careful thought, not with the view of splitting hairs, but having in mind how they would naturally be understood by the average men from all walks of life who serve upon juries. While it is true that all men govern their daily conduct by probabilities, it is still true that when the average man sits in judgment upon matters in dispute which opponents seek to establish or deny establishment, their minds have a tendency to require demonstration, and that many minds refuse to acknowledge satisfaction with less than demonstration or something approaching it in intensity of proof.

The courts which approve this criticized instruction by concluding that the phrase "establish the allegations to your satisfaction," means "find" or "believe," have not in our opinion appreciated the real force of the objection, that it is not necessary that the jury find the real facts, but only necessary that they find, that they be satisfied, as to what are the probabilities as to the real facts, that it is the duty of the jury to act in accordance with such probabilities, and that they should be so instructed.

When it is conceded that the preponderance of the evidence has to do with probabilities, and that it is the duty of the jury to base their verdict upon most issues in civil cases upon the probabilities as to the point, it would seem to require no argument to convince the mind that when the jury is instructed that the allegations (what have been alleged to be the facts) should be established (shown to be facts) to your satisfaction (which can mean nothing more or less than the measure of persuasion necessary as to each juror to produce in his mind conviction as to what are the real facts) by a preponderance of the evidence, or what is even worse, by the fair weight and preponderance of the evidence, it would be only a knowledge that the law requires only a preponderance as to the probabilities, and that the preponderance as to probabilities is binding, that would save this sort of an instruction from naturally misleading jurors into the idea that while there must be a preponderance, there must be such a preponderance, and under the instruction here, such a fair weight or measure of preponderance, as would produce in their minds a feeling of satisfaction that the facts really were as the party upon whom the burden of proof rested had alleged them to be. We are not deciding the effect of this instruction by contemplating the fact that a mind trained in the law would recognize that the judge did not mean what he said, but we decide it by considering what effect it would have upon the mind and upon the conduct of those whose conduct it was to govern, and considering it in this light we have no doubt that it was not only incorrect as we have said, but that it was in terms well calculated to mislead, and that normally considered all that would prevent it from misleading the jury into holding the party having the burden to an altogether unwarranted measure of proof would be the purely accidental circumstance which we cannot consider, that the jurors might have such a knowledge of the law that they would repudiate the instruction as given and understand it as it should have been expressed.

(4) An examination of the evidence shows it to be in conflict, that it indicates knowledge of the plaintiffs of the size of the pens, presents testimony as to the proper method of unloading with regard to shutting gates of pens when they were respectively comfortably full, and evidence that the weather at the time was inclement, so that the elements might be held to have entered into the problem to some extent and might be taken to have put the plaintiffs upon observation and the exercise of some greater measure of care than in fair weather, it is the opinion of the writer and some other members of the court that it cannot be said that the mis-

leading and erroneous instruction did not induce the jury to find upon the issue contrary to what they might have found under proper instructions, considering the matter merely from the standpoint of the evidence. and without regard to the provision of our Constitution which makes the issue of contributory negligence in all cases whatsoever a question of fact, to be left at all times to the jury; but it is the opinion of the majority of the court that while the instruction was erroneous and misleading, yet in the light of the evidence it. does not appeal to have misled the jury into finding upon the issue otherwise than they would have found under proper instructions, and it is, therefore, their conclusion that under the provisions of section 319, C. O. S. 1921 [O. S. 1931, sec. 252] the error should in the instant case be held to be harmless.

We would suggest that trial judges refrain from loading and overloading these instructions as to burden of proof and preponderance of the evidence, and that they be content with instructing the jury that there is a preponderance when it appears more probable that the essential facts are true than that they are untrue, and that they shall find the issue in favor of or against the party having the burden of proof according as he has or has not produced the preponderance of the evidence. It is proper to inform the jury that they are not controlled by the number of witnesses, and that in weighing the evidence and according it or denying it credibility, they are the sole judges, but such instructions should have to do with the process whereby they determine whether or not there is a preponderance, so that this element of satisfaction will have to do solely with the determination of this one thing, whether there is or is not a preponderance, but with no more than that, such as whether the preponderance does or does not, if it exists, satisfy the mind of the existence of the alleged facts as real, or permit the jury to hold otherwise than in accordance with their finding as to the preponderance of the evidence.

(5) Requested instruction No. 13 was properly refused. It was to the effect that if the cattle were in good condition at destination and were thereafterwards damaged as a result of crowding and trampling while being held in the pens, the verdict should be for the defendant. The defendant presents cases holding that it is the duty of the court to instruct upon issues raised by the parties and upon their theories. This is true with regard to proper issues and proper theories. The issue as to this harm was one of negligence and contributory negligence, and the court properly instructed upon those issues. The requested instruction wholly ignored this matter of responsible cause of harm. It is not the law that just because a defendant conceives that a certain state of facts constitute a defense it is error for the court to refuse to so instruct the jury.

(6) Requested instruction No. 8 was properly refused. It was to the effect that if there was mud and slush in one part of the pens and if the plaintiffs had separated the cattle into the various pens the damage would not have been caused, then the verdict should be for the defendant. We cannot say as a matter of law that it was negligence not to separate the cattle into the various pens. The case of Kirby v. Oregon Short Line R. Co., 59 Mont. 425, 197 P. 254, is not in point. That was a suit for harm alleged to be due to failure to equip one of five pens with watering facilities. Plaintiff had discovered this before reloading his cattle, and it was not shown that after that he could not have watered the cattle.

(7) Instruction No. 17 was as favorable for the defendant as could properly be asked, for it limited liability for negligence to harm caused within a reasonable time in which to remove the cattle. This expiration of a reasonable time is the point where the extraordinary liability of a carrier is reduced to that of a warehouseman or ordinary bailee, and we do not understand that even then there is no longer liability for harm caused by negligence. The defendant contends that since the pens opened into the pasture of the plaintiffs, if it were true that the railroad company did not order the cattle held as the plaintiffs claimed, then the plaintiffs could only use the pens as a passageway from the cars to their pasture and were required to have the gate into the pasture open before unloading the cattle from the cars into the pens. This seems to be a decidedly novel contention, and before committing ourselves in its favor, we would require the presentation of authority in its support.

Record examined, and the majority of the Justices are of the opinion that under section 319, C. O. S. 1921 [O. S. 1931, sec. 252] the giving of said erroneous instructions did not affect the substantial rights of plaintiff in error in the instant case.

Judgment affirmed.

RILEY, C. J.. CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.